### KELLY & FRAZIER *vs.* ECKFORD and others.

In ordinary cases the complainant cannot be compelled, upon motion, to submit his books, or other documentary evidence in his possession, to the inspection of the defendant, to enable the latter to answer the bill and make his defence in the suit. But if the complainant, upon request, refuses to permit the defendant to inspect such books or documents, he cannot afterwards object that the answer is insufficient in not stating their contents. And where the books or documents of the complainant are material for the defendant's defence of the suit, the defendant must file a cross bill against the complainant for the discovery of them.

The rule is different as to partnership books and papers, to the inspection of which both parties have an equal right, but which are in the hands of one of the copartners, or of his assignees or representatives. In such a case, upon the application of either party, and in any stage of the suit, the adverse party will be compelled to deposit the partnership books and papers, which are in his possession or under his control, in the hands of an officer of the court, for the inspection of the party making such application, and that such party may take copies thereof, if necessary.

In courts of law it is a matter of course to compel a party who has the possession of a document belonging equally to both, to produce the same for the inspection of his adversary, for the purposes of the suit.

January 19. THIS was an appeal, by the complainants, from an interlocutory order of the vice chancellor of the first circuit, directing them to deposit certain partnership books and papers with a master, for the inspection of the defendants, before answer. The bill was filed by the complainants, as the assignees of J. Beacham, for an account and settlement of a partnership transaction between Beacham and H. Eckford, the defendants' testator. The petitition, upon which the order of the vice chancellor was founded, stated that an inspection of the partnership books and papers, in the hands or under the control of the complainants, was necessary to enable the defendants to answer the bill, and to make their defence with a due regard to the interests of the estate of the decedent.

*J. Rhoades,* for the complainants.

*F. B. Cutting,* for the defendants.

THE CHANCELLOR. In ordinary cases the defendant is not entitled, by motion, to call upon the complainant for the production of his books, or other documentary evidence in his possession, before answer, to enable such defendant to make his defence. The case of *The Princess of Wales* v. *The Earl of Liverpool*, (1 *Sawns. Rep.* 114, 2 *Wils. Ch. Rep.* 29, *S. C.*,) in which such an order was made by Lord Eldon, and where he subsequently dismissed the bill because the note stated in such bill was not produced, has always been considered as a political decision. The decision of *Jones* v. *Lewis*, (2 *Sim. & Stu.* 242,) by Sir John Leach, the only case in which it has been followed in England, was afterwards reversed by Lord Eldon himself. (*See* 4 *Sim. Rep.* 324.) And in the recent case of *Penfold* v. *Nunn*, (5 *Sim. Rep.* 409,) where the defendant asked for the production of documents in the hands of the complainants, to enable him to answer the bill, Sir Launcelot Shadwell said he never understood the reason upon which the decision in *The Princess of Wales* v. *Lord Liverpool* proceeded, and that he could not accede to it ; that if the defendant wanted to prove, in the action which he had brought, the consideration given for the bill of exchange which he then sought to have delivered up, he ought to have filed a bill against the plaintiff, for a discovery of the documents which he then asked to have produced ; that the defendant was at liberty to call upon the plaintiff to produce the documents, and if the latter refused to do so, he could not afterwards complain that the answer was insufficient ; and that if the defendant required them for the purposes of his defence in the suit, he ought to file a cross bill against the plaintiff for a discovery of them. A similar decision was made by this court, a few days since, in the case of *Corning* v. *Heartt*. (*In Chanc.* Dec. 24, 1835. *See also Lupton* v. *Pearsall*, 2 *John. Ch. Rep.* 429 ; *Denning* v. *Smith*, 3 *Idem*, 409 ; *Spragg* v. *Corner*, 2 *Cox's Cas.* 109 ; *Hare* v. *Collins*, *Hogan's Rep.* 193.)

This principle of requiring the defendant to file a cross bill of discovery only applies, however, to those cases in which the defendant wants the inspection of the complainant's documentary evidence to enable him to put in his answer, or to make out his defence to the suit. But it is not applicable to

the case of partnership books and papers, in the hands of one of the partners, or his assignees or representatives, where both parties have an equal right to the examination and inspection thereof for the purposes of the suit. In such cases it is the constant and uniform practice of this court, upon the application of either party, and in any stage of the suit, to order the adverse party to deposit any of the partnership books and papers, which belong equally to both, in the hands of an officer of the court, for the examination and inspection of the adverse party ; and to permit copies thereof to be taken by the several partners, or their representatives. It was to a case of this kind that Lord Eldon referred, in the case of *Pickering* v. *Rigby*, (18 *Ves.* 484,) and in *Micklethwait* v. *Moore*, 3 *Meriv.* 296 ;) although he does not appear to have expressed his meaning very clearly in either case, or to have explained the true principles upon which the production is refused in the case of the plaintiff's own papers, while it is granted as to the partnership books and papers to which both parties have an equal right. In a court of law it is a matter of course to compel one party, who has the possession of a document which belongs equally to both, to produce the same for the inspection of his adversary, for the purposes of the suit, (*See Reid* v. *Coleman*, 2 *Cromp. & Meeson,* 456 ; 4 *Tyrwh.* 274, *S. C.*)

There was no evidence before the vice chancellor that the defendants had any books or papers, belonging to the partnership, in their possession. The order appealed from was therefore right ; and it must be affirmed with costs. If the defendants have in their custody or power any of the partnership books or papers, the plaintiffs will be entitled to an inspection thereof, upon an affidavit that such an inspection is necessary for the purposes of the suit, on making a proper application to the vice chancellor for such an order.