MILES STEBBINS, RESPONDENT, *v.* ELMER R. HARMON, APPELLANT.

17h 445
55ad615
17h    445
73 AD 426

*Production of partnership books and papers — always required if asked for on a partnership accounting.*

In an action between partners for an accounting either is entitled, at any stage of the action, to an order requiring the production of all partnership books, and the papers and accounts relating thereto, and their deposit with the clerk to be inspected and copied.

APPEAL from an order made at the Niagara Special Term, requiring the defendant to produce certain books and papers to be inspected and copied by the plaintiff.

*A. L. Barton*, for the appellant.

*Southworth & Higgins*, for the respondent.

SMITH, J. :

This is an appeal from an order made at the Niagara Special Term, requiring the defendant to deposit books and papers with the clerk of Munroe county for inspection and copy by the plaintiff. The application for the order was made upon the ground, that the inspection sought for is necessary to enable the plaintiff to prepare his reply to the counter-claim set up by the defendant in this action. The action is brought to recover several alleged claims against the defendant arising upon contract. The counter-claim is for a balance alleged to be in the plaintiff's hands, belonging to the defendant, growing out of the affairs of a co-partnership which existed between the parties for several years, and which has been dissolved, but in respect to which there has not been an accounting and settlement. The application for the order was made by petition, verified by the plaintiff. It is alleged in the petition that the parties were in partnership from 1869 to 1875 in the flour and grain business at Worcester, Mass., where the plaintiff resided ; that the defendant resided at Rochester, N. Y., and there bought flour and grain and shipped it to the firm at Worces-

ter, and drew on the firm, and that in so conducting the business on his part he kept an account separate from the books of the firm in the plaintiff's possession at Worcester. That settlements were made annually, the defendant going to Worcester for the purpose, and producing a statement of his claims against the firm for the preceding year ; that the defendant also drew off statements from plaintiff's books of what purported to be accounts due the firm, and made inventories of the stock on hand, and assets of the firm, and that the yearly settlements were made upon those papers and the accepted drafts in the plaintiff's hands. It is alleged that the plaintiff did not positively know the contents of the papers so prepared by the defendant, and that he now believes they were incorrect and false in several particulars specified in the petition. It is further alleged that the defendant took away with him a large number of drafts drawn by him on the firm and paid by the plaintiff, and also the balance sheets which were made at the yearly settlements. The order requires the defendant to deposit the books of original entry of his claims against the firm, the yearly statements of his claims produced by him, all inventories of the stock and assets of the firm which he may have, and the balance sheets and drafts above mentioned now in his possession.

The grounds upon which the appellant's counsel asks for a reversal of the order are, that the discovery is not necessary to enable the plaintiff to prepare his reply, and that the only averments in the petition that the books and papers contain any evidence of fraud or mistake in the yearly settlements are stated on belief merely.

The plaintiff's right to a deposit, inspection and copy of all the papers in the defendant's possession belonging to the firm is very clear, on the ground of the joint ownership of each partner. (*Kelly* v. *Eckford*, 5 Paige, 548.) Of that nature, are not only the drafts paid by the firm, but also the statement, inventories and balance sheets which were used in and about the yearly settlements, and were prepared for that purpose.

The same principle seems to apply to the entries made by the defendant in his books of his transactions as a member of the firm. True, the books are not partnership property. But the particular

entries referred to relate to the partnership matters, and the defendant, by furnishing what he represented to be copies of them for the purpose of effecting annual settlements with his co-partner, treated them as partnership accounts. As he asks for an accounting, their materialty is apparent. On the whole, we think the plaintiff, as one of the partners, has a right to an inspection of the entries in question.

It is argued by the appellant's counsel that as the respondent has set out in his petition the facts upon which he relies as a defence to the counter-claim, it is apparent that he does not need an inspection of the books and papers to enable him to prepare his reply. The answer to that argument is that the production of partnership books and papers will be compelled, on the application of either party, in any stage of the suit. (*Kelly* v. *Eckford, supra.*)

The order should be affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.