JOHN B. STILWELL, Respondent, *v.* GEORGE E. PRIEST et al., Appellants.

(Submitted June 14, 1881 ; decided June 21, 1881.)

THIS action was commenced on the 15th day of June, 1880, by the service of the summons, without a complaint, upon all the defendants. On the 17th day of June, two of the defendants, Priest and Benjamin, appeared in the action by an attorney. On the 18th day of June, the plaintiff verified a petition, in which he alleged that the action was commenced to recover damages for injuries received by him in consequence of a bill-board of the defendants being blown down upon him while he was walking in one of the streets of Ithaca, by reason of the careless, negligent and unskillful manner in which the defendants had constructed and erected such bill-board; that the defendants Norton and Conklin were copartners under the firm name of Norton & Conklin, and the defendants Priest and Benjamin were copartners under the firm name of Priest & Benjamin, each firm being separately engaged in the business of printing and publishing, but that all the defendants were, as plaintiff was informed and believed, jointly interested and engaged in the business of owning, erecting, using and letting for hire bill-boards in the village of Ithaca, and that their copartnership and joint interest in such business, and the manner in which it was conducted, and the relation of each defendant thereto, was created and evidenced by a written contract signed by the defendants, which was in the possession or under the control of the defendants Priest and Benjamin, or one of them; that before and since the commencement of the action he endeavored to obtain inspec-

tion, or a copy, of the contract, but failed. The plaintiff also alleged in his petition that none of the defendants deny that a written contract between the defendants in relation to the bill-board business existed at the time of the injury to him, but that the defendant Priest claims that the contract does not make all the defendants copartners in the bill-board business nor make the defendants Priest and Benjamin jointly liable with the other defendants for plaintiff's injuries, and that a copy of the contract is necessary to enable him to frame his complaint in the action; he prayed that the defendants may be required to deposit the contract for his inspection, and that he might have leave to take a copy thereof. The petition was also accompanied by several affidavits verifying material facts, and on the 25th of June it was presented to a justice of the Supreme Court, who made an order requiring the defendants to produce and deposit the contract with the clerk of Tompkins county that the plaintiff could have inspection and a copy thereof, or to show cause at a Special Term of the court why the prayer of the petitioner should not be granted. Upon the hearing at the Special Term upon the order to show cause, the attorney for the defendants Priest and Benjamin appeared, and the court made an order requiring the defendant Priest to produce and deposit the contract with the clerk, that plaintiff might have inspection and a copy thereof. From that order the defendants Priest and Benjamin appealed to the General Term, and from the order of affirmance there to this court.

The court say: "Within the provisions of the Code and principles long established by the courts, this is a case where the discovery prayed for in the petition could properly be granted. (Code, §§ 803, 804, 805; 2 Wait's Pr. 537.) Whether in such a case a discovery will be ordered or the plaintiff be compelled to rely upon a subpœna *duces tecum*, or upon an examination of the defendants before trial, rests in the discretion of the Supreme Court, and the exercise of such discretion is not reviewable here. Here there were facts upon which the court had the power to exercise its discretion, and that is as far as our inquiry can extend."

*L. E. Warren* for appellants.

*Noyes & Noyes* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.