CALEB HARRINGTON *vs.* THOMAS HARRINGTON.

In Rhode Island a bill in equity for an injunction is not demurrable for want of a verifying affidavit.
A bill in equity asking discovery, but waiving an answer under oath, cannot be treated as a bill for discovery.

BILL IN EQUITY for discovery, an injunction, and to compel the transfer of realty. On demurrers to the bill.

*July* 3, 1886. PER CURIAM. The court is of the opinion that, under our practice, a bill for an injunction is not demurrable for want of an affidavit verifying the allegations upon which the injunction is asked, because our practice is not to issue an injunction *ex parte* without proof, either by affidavit of the party or otherwise, making a *primâ facie* case for an injunction.

The court is also of the opinion that the bill is not demurrable for want of an affidavit, on the ground that it is a bill for discovery. The bill asks for discovery, but waives an answer under oath; the answer, therefore, will have simply the force of a plea

under our statute. The court does not think that such a bill can be treated as a bill for discovery, and the jurisdiction sustained on that ground alone.

The bill makes allegations independent of any prayer for discovery, which, if established, would, in the opinion of this court, entitle the complainants to relief.

Nor does the court think that such *laches* appear on the face of the bill as make it evident that the complainant is not entitled to relief on the ground of *laches*. The respondent is alleged to have acted as agent of the complainants, and only recently to have claimed adversely to him.

The court thinks that the complainant is entitled to proceed to his proofs, and that the objections to the bill set up in the answer by way of demurrer should be overruled.

*William P. Sheffield*, *Charles H. Page*, and *Franklin P. Owen*, for complainant.

*Walter B. Vincent*, for respondent.