WILLIAM W. EVANS

*v.*

RICHARD S. STAPLES et al.

A defendant cannot, by petition, compel a codefendant to produce and allow him to inspect an assignment of a judgment which such codefendant holds against him, for the purpose of preparing his answer. The proper proceeding is by cross-bill.

*Mr. W. H. Morrow,* for petitioner.

*Mr. S. M. Dickinson, contra.*

BIRD, V. C.

Joseph Snover and James French are two of the defendants in this suit. Snover comes in by petition and represents that French has two assignments of judgments against Snover in his possession, and that it is essential to his defence to the bill of complaint that he be permitted to inspect one of said assignments and take a copy thereof. This he claims the right to have before preparing and filing his answer, and asks the court to make an order upon French to allow such inspection and copy to be made. It is objected that this is not the proper practice.

The objection is well taken. Such purpose can only be accomplished by cross-bill. *Kirkpatrick* v. *Corning, 12 Stew. Eq. 136.* This case shows that a cross-bill may be used as a means of defence, and its application to the case in hand is explicitly expressed in *Kelly* v. *Eckford, 5 Paige 548.* "In ordinary cases

the complainant cannot be compelled, upon motion, to submit his books, or other documentary evidence in his possession, to the inspection of the defendant, to enable the latter to answer the bill and make his defence in the suit. But if the complainant, upon request, refuses to permit the defendant to inspect such books or documents, he cannot afterwards object that the answer is insufficient in not stating their contents. And when the books or documents of the complainant are material for the defendant's defence of the suit, the defendant must file a cross-bill against the complainant for the discovery of them.

"The rule is different as to partnership books and papers, to the inspection of which both parties have an equal right, but which are in the hands of one of the copartners or of his assignee or representatives. In such a case, upon the application of either party, and in any stage of the suit, the adverse party will be compelled to deposit the partnership books and papers which are in his possession or under his control in the hands of an officer of the court for the inspection of the party making such application, and such party may take copies thereof, if necessary."

This authority was approvingly referred to by the court of last resort in the case of *Commercial Bank* v. *Bank of the State of New York, 4 Hill 516;* and is also sustained with emphasis in the case of *Brown* v. *Newall, 2 Myl. & C. 558, 574.* Until an act of parliament I should conclude that there had been no other method of compelling discovery under the English practice in the court of chancery. See *Adams* v. *Fisher, 3 Myl. & C. 526–546, note 1 to the Am. ed. Eng. Ch. Rep.; Storey* v. *Lord George Lennox, 1 Keen 341, 353, note 1 (Am. ed.), and cases there cited; and note 1 to Tyler* v. *Drayton, 2 Sim. & Stu. 309, 311, and cases cited; Rawson* v. *Samuel, 9 Sim. 442; Dan. Ch. Prac. & Pl. 1556; Story's Eq. Pl.* §§ *311, 312; 2 Hoff. Ch. Pr. 107.*