FRANK H. CONGDON *vs.* HIRAM B. AYLSWORTH.

Under Pub. Stat. R. I. cap. 214, § 45, of the production of documents, no notice to the other side is required of the applicant's petition before making order thereon, and the statute is not unconstitutional in this respect. The respondent, after answering under oath as to the possession of the documents, has an opportunity to contest the applicant's right to examine them.

On a bill in equity brought by F., both individually and as administrator of H., against A. for the settlement of the accounts of two copartnerships, one between H. and A., and the other succeeding it between F., H., and A., and for discovery, an order under Pub. Stat. R. I. cap. 214, § 45, was made on A. to answer on oath what documents he had relative to the suit, and what objections he had to producing them.

Upon A.'s answer and objections :

*Held,* it appearing that realty alleged to belong to the first partnership was involved in the account, that the heirs of H. were necessary parties, and that an order for the production of the documents would not issue till the heirs of H. had been made parties by amendment of the bill.

The bill waived answer under oath, but stated a case for relief other than mere discovery.

*Held,* that the complainant should not be required to strike out the parts relative to discovery.

*Held,* further, that the waiver of oath did not preclude the complainant, as it might in a bill for mere discovery, from proceeding under the statute for the production of documents.

In a bill for an account between copartners, when the respondent holds the partnership books and refuses the complainant access to them, less particularity of statement is required than when the complainant can use the books.

The bill alleged dealings between the two firms. These dealings were denied by the answer, which, by way of plea, set up the objection of multifariousness.

*Held*, that the documents in question would be evidence for the complainant F. on the plea. The respondent's affidavit denied that the documents would furnish evidence on the plea, but the doctrine that the affidavit must be taken as true applies only to documents which, if not relevant, are privileged from inspection. Under Pub. Stat. R. I. cap. 134, § 9, a partner has no privilege to withhold partnership books from the administrator of a deceased copartner.

The respondent objected to the *laches* of F. and H., but the question of *laches* being on the pleadings an open one:

*Held*, that the complainant was entitled to the books for the trial of this question also.

BILL IN EQUITY for an account.

Pub. Stat. R. I. cap. 214, § 45, provides:

"Whenever either party to any proceeding at law or equity in the Supreme Court, or to any proceeding at law in the Court of Common Pleas, shall set forth in writing, under oath, upon his knowledge or belief, that the opposite party is in the possession or control of some document to which the applicant is entitled, such court or a justice may order such opposite party, or, if the same be a body corporate, then some officer thereof, to make answer on oath, at or before a time to be fixed in said order, as to what document he so has relating to the matter in dispute between the parties, or what he knows as to the custody of such document, and, if in his possession or control, whether he objects to the production of the same, and the grounds of such objection, and thereupon such court or justice may require the production of said document, or may compel the party having the same in his possession or control to allow the applicant to inspect the same, and, if necessary, to take examined copies of the same, and may make such further order thereon as shall be just."

The complainant, May 14, 1888, filed in this suit his petition, under oath, setting forth certain books and papers as held by the respondent which it was needful for the complainant to examine in order to prepare his case for trial, and asking for an order requiring the respondent to produce them. On this petition the following order was made, May 14, 1888:

"Upon the application in writing of the complainant in the above entitled suit, it is ordered that the defendant therein, Hiram

B. Aylsworth, answer on oath on or before May 19, 1888, at 10 A. M., as to what documents he has in his possession or control relating to the matter in dispute between the parties, and what he knows as to the custody of any such documents, and, if any such documents be in his possession or control, whether he objects to the production of the same, and the grounds of such objection ; and particularly what documents mentioned in said complainant's application he has in his possession or control, and what he knows as to the custody of any such documents so mentioned ; and if any of such mentioned documents be in his possession or control, whether he objects to the production of the same, and the grounds of such objection."

No notice was given to the respondent of this petition.

The complainant's bill waived answer under oath.

June 13, 1888, the respondent moved that the order of May 14 be vacated, for that " the same is irregular, that said complainant is not entitled to the same under his said bill, nor in the present state of the above entitled case."

*July* 7, 1888. PER CURIAM. The defendant's motion to vacate the order is denied. The defendant, after having answered on oath whether he has the books and documents called for in his possession or control, and what he knows about their possession, will have the opportunity to contest the right of the complainant to their production. The statute does not require any notice to him before making the order. We are not able to see that the statute is in this respect unconstitutional, or that the necessity for notice is implied.

The respondent then filed an answer to the petition, admitting that he held the books, and setting forth his reasons for declining to produce them.

*August* 17, 1889. DURFEE, C. J. This bill is brought by the complainant, individually and as administrator on the estate of Henry R. Congdon, deceased, for the settlement of the accounts of two copartnerships. The bill alleges a partnership, *first*, between said Henry R. and the defendant, dissolved February 8, A. D. 1875, but existing several years prior thereto ; and, *second*, a partnership between said Henry R., the defendant, and the complainant,

formed February 8, A. D. 1875, and existing until February 8, A. D. 1878, when it was dissolved. It also alleges that the first partnership, though it ceased to do business as to third parties when the second was formed, was treated during the continuance of the second as subsisting, the two being designated on the books as " Congdon and Aylsworth No. 1 " and " Congdon and Aylsworth No. 2," and charged and credited accordingly, the second borrowing from the first from time to time. The bill alleges that there are several parcels of real estate belonging to the first, which have been in the possession and care of the defendant; that the complainant does not know the terms of the first partnership; that the books and papers thereof are in the defendant's hands, and he refuses to allow the complainant to inspect them; that the defendant has, since the death of said Henry R. and since the appointment of the complainant as administrator, repeatedly acknowledged to the complainant that the accounts of the two firms had never been settled with said Henry R., and has repeatedly promised him to settle the same, and that on settlement thereof a considerable balance will appear in his favor as administrator and individually. Henry R. Congdon died March 3, A. D. 1883. The complainant was appointed and qualified as administrator soon after. The bill was filed April 12, A. D. 1886. The defendant demurred to it for multifariousness because of the joining of the two accounts. The court overruled the demurrer, being of the opinion that the transactions of the two firms were so connected that the two accounts could be conveniently taken together. Since then the defendant has answered, setting up a settlement of the affairs of the older firm, and other defences, and denying some of the allegations of the bill. The answer is not under oath, the oath having been waived in the bill.

At a former term the court made an order upon the defendant, on application of the complainant under Pub. Stat. R. I. cap. 214, § 45, to answer on oath as to what documents he has relating to the matters in suit, and, if he has any, whether he objects to their production, and, if he objects, as to the grounds of the objection, the complainant's purpose being to use the documents in preparing for trial. The case is before us on the defendant's answer admitting possession of partnership books of both firms, and alleging reasons why he should not produce them.

His first reason is that the bill is defective, the heirs of Henry R. Congdon being necessary parties. We think that the heirs are necessary parties if the real estate alleged to belong to the older partnership is to be brought into the accounting, since the answer to the bill does not admit that it is partnership effects. The complainant, however, professes to be willing to supply this defect by amendment, and therefore we pass to other objections, no order for production to be entered until the amendment is made.

The second objection is that the complainant, having waived the oath to the answer, is not entitled to discovery, and therefore, before proceeding further, he should be required to strike out of his bill the portions which relate to discovery. The defendant refers to *Harrington* v. *Harrington*, 15 R. I. 341. In that case the bill was demurred to because it was not verified by affidavit, though it asked for discovery. The court overruled the demurrer, *first*, because the bill was not simply a bill for discovery, inasmuch as it contained allegations which would, if established, entitle the complainant to relief independently of any discovery, and, *second*, because the bill could not be treated as a bill for discovery and the jurisdiction sustained solely on that ground, inasmuch as, the oath being waived, the answer under the statute could have only the force of a plea in an action at law, and accordingly the defendant might if he chose deny any knowledge of the matters inquired of. We do not see, however, that it follows, where the bill makes a case for relief on some other ground, that the parts which seek discovery must be stricken out, for the defendant, though he may refuse, may also give the discovery asked for, and may think it for his advantage to make the discovery, making it in his own manner, with such explanations and qualifications as belong to it. We do not think the second objection avails.

The third objection is that the allegations of the bill, though sufficient to support a bill for discovery and relief, are not sufficient to support a bill for relief merely, the defendant in his answer having declined the discovery. The bill is a bill for an account between partners, a matter peculiarly of equity cognizance; 1 Story Eq. Juris. § 663; and the necessary allegations are simply allegations which show that the complainant is entitled to have the account settled in equity. 2 Bates on Partnership, § 936.

In *Towle* v. *Pierce*, 12 Metc. 329 ; 46 Amer. Decis. 679, it was held that where the bill alleges that the parties are copartners, and that the defendant has all the partnership books and refuses the complainant access to them, and prays for an account, the bill need not state the case with as much particularity as would be necessary if he had access to the books. We think the allegations here are sufficient.

The fourth objection is that the allegation of dealings between the two firms, on account of which we overruled the demurrer, is denied in the answer, and the objection of multifariousness is renewed therein by way of plea. The defendant claims the right to have the plea decided *in limine*, since a decision in his favor would result in a dismissal of the bill. But on this plea the books would be evidence for the complainant, if his bill states truly. The defendant's reply is that his affidavit denies that the books would afford any such evidence, and he claims that the affidavit must be taken as true, citing English cases. The cases cited do not relate to partnership books in cases between partners, but only to books and papers which, if not relevant, are privileged from inspection. The defendant has no privilege which entitles him to withhold the books from inspection by the complainant. The statute, Pub. Stat. R. I. cap. 134, § 9, provides that the administrator or executor of a deceased partner "may enter upon the premises and examine the books and affairs of said copartnership." We do not think the fourth objection can avail.

The fifth objection is that the complainant, having waived his right to discovery by way of answer to the bill, by waiving his oath, is not entitled to get the discovery indirectly by proceeding under the statute for the production of documents. We are inclined to think that, if the bill were simply a bill for discovery, this objection would be valid ; but it is for relief as well, and, as we have seen, states a case for relief ; and, this being so, it seems to us that the objection cannot prevail. The statute applies to actions at law as well as to suits in equity. The complainant might have proceeded at law by actions of account. If he had so proceeded, this objection would be, not only without force, but without meaning ; and it does not seem to us that, under the statute, an objection should be good in equity which would amount to

nothing at law. Where a bill alleges a case for relief, a waiver of the oath to the answer does not preclude the complainant from calling the defendant to testify as a witness, and we do not see why it should preclude him from a resort to any other evidence in support of his bill, aside from the answer, which the law would entitle him to if there no waiver. It seems to us that the only effect which can be legitimately given to the waiver is the effect which follows from the provision of the statute declaring that, where the oath is waived, the answer shall have only the force of a plea at law ; that is to say, the parties.to a suit in equity are in this respect put on the footing of parties in an action at law. It was probably thought that, owing to changes in the law of evidence, the uses of the answer as evidence had been for most purposes superseded, while the privileges appertaining to it were no longer defensible. Moreover, as we have before remarked, this is virtually a case between partners, and the documents in question are partnership books, which the complainant is entitled to have access to under the statute, and for the production of such documents the courts grant orders with exceptional liberality. *Kelly* v. *Eckford*, 5 Paige, 548.

The final objection is that the complainant has lost his right to have the books produced by his own and his intestate's *laches*. The bill, however, alleges a continuance of both copartnerships, as between the partners, down to A. D. 1878. The intestate died a little more than five years afterwards. The bill also alleges that, since his death and since the complainant's appointment as administrator, the defendant has repeatedly acknowledged that the accounts remain unsettled, and has repeatedly promised to settle them. On the face of the pleadings the question of *laches* is an open question, for the trial of which either party is, it seems to us, entitled to the production of the books. 2 Bates on Partnership, §§ 942–949 ; *Shelmire's Appeal*, 70 Pa. St. 281.

Our decision is that the defendant be ordered to produce the books and papers for inspection.

*John F. Lonsdale & Lorin M. Cook*, for complainant.
*Arthur L. Brown & Walter H. Barney*, for respondent.