CHARLES T. BARNEY, as Administrator, etc., of ASHBEL H. BARNEY, Deceased, Plaintiff, v. THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK, Defendant.    No. 1.

*Recovery of an illegal tax — ignorance of the illegality thereof at the time of payment — when it need not be proved.*

In an action brought by an administrator to recover the amount of a tax, alleged to have been involuntarily paid by his intestate. It is unnecessary to show lack of knowledge on the part of such decedent at the time of the payment of such tax of the transactions alleged to have made the tax illegal, when it is shown that at the time of the imposition of such tax the intestate was in infirm health, and attended to little if any of his business of which his son had the entire charge.

MOTION by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance upon the verdict of a jury directed by the court after a trial at the New York Circuit.

This action was brought to recover the amount of a tax alleged to have been illegally assessed and involuntarily paid.

*Geo. L. Sterling*, for the motion.

*J. A. Flannery*, opposed.

VAN BRUNT, P. J.:

This case in its main features is substantially the same as that of *Barney* v. *The Mayor*, herewith decided. The taxes in this case were for the years 1885 and 1886, and were paid while Ashbel H. Barney was living, this action being brought by his administrator.

It is urged that there is no evidence to show whether Mr. Barney, Sr., had any knowledge of the facts which it is alleged rendered the assessment illegal, and that, therefore, there is a failure on the part of the plaintiff to show ignorance of the fact and involuntary payment on his part, which it is incumbent upon him to show affirmatively.

The evidence shows that Mr. Barney, Sr., was in infirm health at the time of the imposition of the tax in question; that he attended to but little, if any, of his business, and that his son, the plaintiff, had entire charge of the same. It seems to us that under these circum-

stances it would be carrying the inference of knowledge too far to hold that there was a failure of proof because the dead man was not examined as to what his knowledge in respect to these transactions was.

For the reasons, however, stated in the opinion in the case cited we think that the exceptions should be sustained and a new trial ordered, with costs to the defendant to abide the event.

PARKER and FOLLETT, JJ., concurred.

Exceptions sustained, new trial ordered, costs to defendant to abide the event.