(31 Misc. Rep. 216.)

### FLEISCHMANN et al. v. FLEISCHMANN et al.

(Supreme Court, Special Term, New York County. April, 1900.)

**1. SURVIVING PARTNERS—DEVISEES—ACCOUNTING—ACTION.**

Where a member of a partnership died, leaving a will devising his property to his widow and children, an action will lie in favor of such widow and children against the surviving partners to compel an accounting of the partnership business, and to set aside certain conveyances made by decedent's widow, individually and as executrix, to such surviving partners, in fraud of plaintiffs' rights.

**2. SAME—FRAUDULENT CONVEYANCES—MOTION.**

Where a member of a partnership died, leaving a will devising his property to his widow and children, and the devisees sued the surviving partners to compel an accounting and to set aside conveyances procured by fraud from such widow by the surviving partners, the validity of such conveyances should not be determined on motion to compel an inspection of the partnership records.

**8. SAME—ACCOUNTING—PARTNERSHIP BOOKS—INSPECTION—LACHES.**

In an action by devisees of a deceased partner against the surviving partners to compel an accounting, the action was at issue November 17, 1899, and was noted for trial at the December term, and called on the calendar February 3, 1900, and then set for trial February 9th, and actually reached March 9th. A subpœna duces tecum had been issued for

defendants, directing them to produce the partnership books. Before the return day of the subpœna it was suggested by defendants that it would be better to have an expert accountant take extracts from the books. This plan fell through, defendants failed to appear on return day of the subpœna, and plaintiffs filed a motion to compel an inspection of the books. *Held,* that plaintiffs were not guilty of laches requiring denial of the motion.

**4. SAME—FRAUDULENT CONVEYANCES—DISCOVERY.**
In an action by devisees of a deceased partner against the surviving partners to compel an accounting and to set aside certain fraudulent conveyances of decedent's interest in the partnership property, and agreements relating thereto made by the executrix to the surviving partners, it was not necessary, in order to enable plaintiffs to compel an inspection of the partnership books, that the question of the validity of the conveyances and agreements should first be determined, where the evidence sought thereby might show improper conduct of a surviving partner in obtaining such instruments.

**5. SAME.**
Supreme court rule 14 provides that inspection of books and documents relating to the merits of a civil action may be compelled by either party, where the same are material to a decision of the action, or competent evidence in the case, or necessary to enable a party to prepare for trial. Rule 15 provides that, as to books and papers, it shall be shown that they contain entries material and necessary, and what particular information is desired therefrom. In an action by devisees of a deceased partner against the surviving partners to compel an accounting and to set aside fraudulent agreements and conveyances made by executrix to defendants, it appeared that defendants refused an accounting, and claimed to have settled all matters with decedent's estate by the agreements and conveyances which plaintiffs sought to set aside, and that such books were not only necessary in the matter of accounting, but to show fraud of defendants in obtaining the settlement with executrix. *Held,* that there was a sufficient showing to bring the matter within such rules, and that the inspection would be allowed.

**6. SAME—OUTSIDE OF STATE.**
In an action by devisees of a deceased partner against the surviving partners to compel an accounting of partnership business which had been carried on in the states of New York and Ohio, the court has the power to compel an inspection of the partnership books in the latter state.

Action by Ida M. Fleischmann and others against Julius Fleischmann and others for an accounting and to set aside fraudulent conveyances. Motion of plaintiffs to compel inspection of partnership books granted. Motion of plaintiffs to set aside fraudulent conveyances denied.

Sackett, Bacon & McQuaid, for guardian ad litem.

Henry W. Sackett (Bronson Winthrop, John E. Parsons, and Lewis C. Ledyard, of counsel), guardian ad litem.

C. Bainbridge Smith, Rastus S. Ransom, George B. Lester, and W. W. Vaughan, for defendants.

LAWRENCE, J. There are two motions in this case. The first is for an order directing the defendants Fleischmann, other than the defendant Johanna Fleischmann, to produce and give to the plaintiffs an inspection and permission to take a copy of all the books, entries, accounts, vouchers, and other documents of the firms of Gaff, Fleischmann & Co. and Fleischmann & Co., relating to the business of said firms, known as the "Business East of the Allegheny Mountains," the

principal office of which was located in the city of New York, and the business known as the "Business West of the Allegheny Mountains," the principal office of which was located in the city of Cincinnati, and all books and documents of the business now carried on by the said defendants, individually or as executors of Charles Fleischmann, deceased. It is moved by the plaintiffs that the books referred to be deposited with the county clerk with leave to them to inspect them, or that said defendants give to the plaintiffs an inspection with permission to take a copy of the same, and that a similar inspection be granted of the books in Cincinnati and Buffalo. The books sought to be inspected are set forth in detail in the motion papers. The action is brought to determine and settle the rights of all parties to the assets of Fleischmann & Co., for an accounting of the dealings between Charles Fleischmann and Maximilian Fleischmann, deceased, as partners, prior to October 9, 1890, and to have two instruments, executed between Johanna Fleischmann and Charles Fleischmann, individually and as executrix and executor of the will of Maximilian Fleischmann, dated October 25, 1890, and September 1, 1893, set aside and declared void and fraudulent as against the plaintiffs, and for other and further relief. The second motion is made by the defendant Johanna Fleischmann, who, it is alleged in the complaint, has declined to bring a suit as executrix of Maximilian Fleischmann to have said instruments set aside. By the will of Maximilian Fleischmann his residuary estate was to be divided according to the statute of distributions, and the plaintiffs are his infant children. The motions are resisted on the grounds—First, of laches; second, that the preliminary question as to the agreements should first be tried; third, that the facts alleged do not entitle the plaintiffs to discovery under rules and decisions; fourth, that acquiescence for years by Johanna Fleischmann in all the agreements, and delay in asserting her rights, preclude her from making the motion; fifth, that the action cannot be maintained by the plaintiffs.

As to this last point, it would appear that the question should have been raised by demurrer. Assuming, for the purposes of disposing of that question, that all that the plaintiffs state is true,—and such assumption must be made,—it seems that such an action can be maintained. The substance of the complaint is that the plaintiffs, as beneficiaries under the will of Maximilian Fleischmann, have been defrauded of their rights by reason of the agreements and acts referred to in the complaint, alleged to have been obtained by Charles Fleischmann by his misrepresentations and by taking advantage of the ignorance of their mother. I think that this answer to the motion of the plaintiffs must be disregarded. The acquiescence of Johanna Fleischmann would be an answer to her motion if she were fully apprised of all the facts and there was no concealment practiced by Charles Fleischmann. This she alleges, and this his executors deny. The question should not be disposed of on a motion.

It is further said by the defendants that the plaintiffs have been guilty of laches in making this motion, because the action became at issue on November 17, 1899, was noticed for trial for the December term, and called upon the Friday's calendar for February 3, 1900,

and then set down for trial for February 9th, and actually reached on March 9, 1900. Moran v. Vreeland, 29 App. Div. 243, 51 N. Y. Supp. 434, is cited in support of this contention by the defendants. It will be found, on examining that case, that it was not analogous to this, because there were no circumstances in that case which excuse the apparent laches. The plaintiffs here had served a subpœna duces tecum on Julius Fleischmann, one of the defendants, directing him to produce the books. Before the return day of the subpœna there was a consultation between counsel, in which it was suggested that, as the books sought for were so great in number, and as their removal from the West would practically break up the business, it would be better to send an expert accountant to Cincinnati to take extracts from the books. This plan fell through, and Julius Fleischmann failed to appear on the return of the subpœna. These facts refute the charge of laches on the part of the plaintiffs in making this motion

It is also contended by the defendants that the preliminary question as to the agreements should first be tried. The evidence sought, as I understand the plaintiffs, is to enable them to show improper conduct on the part of Charles Fleischmann and to prove on the trial that the agreements referred to in the complaint should be set aside.

Lastly, it is said that the case is not brought within the rules and the authorities on the subject of inspection of books and documents. I do not concur in this view. This is a case involving transactions between partners and their representatives. The rule in such cases was laid down by Chancellor Walworth in Kelly v. Eckford, 5 Paige, 548. At page 550, the chancellor says:

"In such cases it is the constant and uniform practice of this court, upon the application of either party and in any stage of the suit, to order the adverse party to deposit any of the partnership books and papers, which belong equally to both, in the hands of an officer of the court, for the examination and inspection of the adverse party, and to permit copies thereof to be taken by the several partners or their representatives. * * * In a court of law it is a matter of course to compel one party, who has the possession of a document which belongs equally to both, to produce the same for the inspection of his adversary for the purposes of the suit."

In Stebbins v. Harmon, 17 Hun, 445, it was held that:

"In an action between partners for an accounting, either is entitled, at any stage of the action, to an order requiring the production of all partnership books, and the papers and accounts relating thereto, and their deposit with the clerk to be inspected and copied."

And the court there says, at page 447:

"It is argued by the appellant's counsel that, as the respondent has set out in his petition the facts upon which he relies as a defense to the counterclaim, it is apparent that he does not need an inspection of the books and papers to enable him to prepare his reply. The answer to that argument is that the production of partnership books and papers will be compelled, on the application of either party, in any stage of the suit."

See, also, Livingston v. Curtis, 12 Hun, 121; Martine v. Albro, 26 Hun, 559; Veiller v. Oppenheim (Sup.) 26 N. Y. Supp. 1051.

In Zimmerman v. Dieckerhoff, 12 N. Y. St. Rep. 613, the court says:

"In no view should the defendants be permitted to conceal or withhold any information from the plaintiffs derivable from the books of account, letters, or papers of the firm. The plaintiffs are executors, and have no personal knowl-

edge of the transactions involved in this action. They now claim a large balance due-their testator from the defendants, which they say will be exhibited and verified by the books of the firm, while the defendants claim a falsification of the same books by the deceased partner. Nothing can tend more to the elucidation and settlement of such controversy than an examination of the books themselves, and in the interest of justice the fullest latitude and scope should be allowed on such examination."

In such an action as this the court has also the power to order an inspection of books in another state. Manufacturing Co. v. Venner, 86 Hun, 42, 33 N. Y. Supp. 287.

Enough, I think, is shown in the moving papers to bring this case within general rules 14 and 15 of the court. The granting of such orders is largely discretionary, and such discretion should be liberally exercised to enable parties to properly prepare for trial. Hart v. Railroad Co., 69 Hun, 497, 23 N. Y. Supp. 713; Finlay v. Chapman, 119 N. Y. 404, 23 N. E. 740. The motions will therefore be granted to the extent indicated in this opinion, and the orders to be entered herein will be settled on two days' notice. Ten dollars costs to the plaintiffs.

Motions granted to extent indicated, with $10 costs to plaintiffs.