(38 Misc. Rep. 249.)

### BISSELL v. MUTUAL RESERVE FUND ASS'N.

(Supreme Court, Special Term, New York County. June, 1902.)

**1. DISCOVERY OF BOOKS AND PAPERS.**
Plaintiff applied for a discovery of books and papers on a general allegation that their use was necessary on the trial of her action. Her petition did not state facts on which the court could pass on the necessity, there being no statement of the precise facts without which it would be unsafe for her to go to trial, and the sources of information on which her conclusions were based was stated only in a general way. *Held*, that the discovery would not be granted.

Action by Kate E. Bissell against the Mutual Reserve Fund Association. Motion for an order of discovery and inspection granted in part.

Brewster & Farries (Heymann & May, of counsel), for plaintiff. George Burnham, Jr., for defendant.

GREENBAUM, J. Under the allegations of the complaint, plaintiff's claim is based upon two certain policies of insurance upon the life of one Charles E. Bissell, issued in 1881 and 1884, respectively, whereby defendant agreed, upon the death of the assured, to pay absolutely to the plaintiff as beneficiary the sum of $5,000 under each policy. The complaint further alleges that the plaintiff accepted the sums of $2,254.80 and $2,717.48, respectively, in full satisfaction

¶ 1. See Discovery, vol. 16, Cent. Dig. §§ 65, 69, 70.

of her claims under said policies, and released the defendant from any further claims thereunder, being induced to accept said reduced sums and to execute said releases upon the false and fraudulent representations of the defendant that there was due the defendant for unpaid assessments and charges and for liens upon the said policies upward of $2,000 on each policy, being the amount deducted by the company at the time of the acceptance of the sums above mentioned and of the execution of the general releases. The defendant denies the issuance of policies of insurance for an absolute fixed sum; sets up that each policy provided for the payment of a sum not exceeding $5,000 out of moneys received under assessments to be levied upon members of the defendant corporation, in the manner provided in the policies; that the insured had in his lifetime, in 1900, surrendered one of the original certificates or policies of insurance issued to him in 1884; and that the adjustments with and payments to the plaintiff were made pursuant to the terms of the certificates or policies in force at the time of the death of Charles E. Bissell. The plaintiff now petitions the court for an order of discovery and inspection of a large number of instruments and writings particularly referred to in a schedule annexed to the petition under 19 enumerated paragraphs. Of these there appears to be no objection to the demands of the plaintiff as specified in paragraphs 1 to 10, which relate to the applications of the assured, the certificates of membership, the surrender of one of the certificates, the constitution and by-laws of the defendant, and receipts given by plaintiff to defendant.

Paragraphs 11 to 19 refer to the books of the defendant between August 18, 1900, and March 20, 1901, showing the amount of the reserve and death funds and of the assessments received; books showing the "method in use by the defendant for the computation of the reserve fund"; books showing the individual members of the defendant at certain periods, and the amounts for which each member was assessed upon the death of members; amounts collected upon the death of members for such period; the books showing the amounts of the special emergency fund; and, finally, all other writings relating to the matters set forth in the complaint and answer. The petition fails to disclose the precise reasons upon which the general allegation of necessity for the use upon the trial of the various books and writings is based. There are no facts presented from which the court can pass upon the necessity for the inspection of the books and papers set forth in the schedules. There is no fact stated from which the court can conclude that the books or documents desired are in the possession of the defendant, although such fact may reasonably be inferred. There is a general allegation that the inspection is necessary, but the petition does not show what the precise facts are, without which it would be unsafe to proceed to trial. The sources of information upon which the conclusions of the petitioner are based are not disclosed except in a general way. Such affidavits have frequently received the condemnation of the courts. Manufacturing Co. v. Gorham, 83 Hun, 342, 31 N. Y. Supp. 965. Moreover, as the pleadings now stand the plaintiff

.asserts an° absolute obligation to pay $5,000 under each policy, and the defendant denies any such obligation.

If the plaintiff's contention is correct, it is evident that it is of no consequence how the defendant raises its assessments from which to. pay the beneficiary named in the certificates or policies issued by it. If the plaintiff had alleged a form of policy such as defendant alleges was issued, then a different situation would be presented, and, under proper allegations of a petition, a discovery 'might be appropriate, if facts are alleged showing precisely what books, documents, or writings in the possession of the defendant would disclose the information required to be adduced upon the trial. The defendant is, however, willing to stipulate that the plaintiff shall not be required, as part of her case, to prove what were the proceeds of the assessments or other funds available for the payment of the policies, but that the policies themselves shall be deemed as prima facie evidence that there was the sum of $5,000 due thereunder. With such a stipulation the discovery would not be requisite for plaintiff's case, assuming even that the form of the policies is as defendant contends, as it would become a matter of defense to show that funds were not available to meet the payment of $5,000, under the stipulations of the policy. The petition shows no necessity for a discovery for the purpose of being prepared upon the trial to meet the defense, and hence a discovery and inspection of the books should not be allowed. Indeed, in a proper case and when the facts alleged would warrant it, an examination before trial, as provided by the Code, would seem to fully meet all the reasonable requirements of the plaintiff.

As the defendant has offered to furnish copies of the papers described in paragraphs 1 to 10 of the schedule, and as these documents are conceded to be in the possession of the defendant, and as they refer to matters within the issues, the motion will be granted to this extent and denied in all other respects, with leave to renew upon new or additional affidavits.

Ordered accordingly.