FERGUSON v. BIEN et al.

(Supreme Court, Appellate Term.   February 27, 1906.)

1. DISCOVERY—INSPECTION OF BOOKS—DEFENSES—DELAY.

Where a cause had once been tried, and a new trial ordered, and it was placed upon the day calendar and marked "ready," an application for an order for an inspection of plaintiff's books, in order to enable defendant to prepare for trial, was too late.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 66.]

2. SAME—GROUNDS.

A petition for an order for an examination of plaintiff's books in order to prepare for trial stated that it was necessary to discover what services were rendered by plaintiff to a certain other defendant. Petitioner was attorney in the action for the other defendant, and it did not appear that the other defendant had any lack of knowledge. *Held*, that the petition was insufficient.

Appeal from City Court of New York, Special Term.

Action by Julius M. Ferguson against Franklin Bien and another. From an order granting defendant's application for leave to inspect plaintiff's books in order to enable defendant to prepare for trial, plaintiff appeals. Reversed.

See 94 N. Y. Supp. 459.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Ferguson & Ferguson (L. C. Ferguson, of counsel), for appellant.
Franklin Bien, for respondent Nellis.
William Klein, for respondent Bien.

SCOTT, P. J.   This is an appeal from an order of the City Court granting an inspection of plaintiff's books. There are several reasons why the order should not have been made. One reason is that the defendants have been guilty of laches. The general rule is that an order for discovery will not be made after the cause has actually appeared on the day calendar. In the present case the cause had been once tried and sent back for a new trial. It was placed upon the day calendar for retrial upon a day selected and agreed upon by defendants, and had actually been called and marked "Ready" before the application for an order to show cause was made. These laches are not satisfactorily excused, and of themselves would have justified the denial of the motion. Mut. R. F. Assn. v. Patterson, 33 Misc. Rep. 572, 68 N. Y. Supp. 885. Nor does it appear that there is any necessity for the examination. It is most obviously an attempt at what is known as a "fishing excursion." The defendant Bien in his petition asserts that upon the former trial plaintiff contended that part of the money deducted, which defendants claimed was for interest, was credited on account for services rendered by plaintiff for defendant Nellis, and that plaintiff did not produce his books, and claimed that the books showed no such entries. The petitioner then states as the necessity for the examination of plaintiff's books (and this is the only necessity stated), that he should discover "what services were rendered by plaintiff for defendant Nellis upon which any such claim

should now be set up." The defendant Nellis, for whom the petitioner Bien is attorney in this action, presumably knows what services, if any, were rendered to her by plaintiff, and until her lack of knowledge is made to appear no necessity is shown for an examination of the books. She makes no affidavit. The order is also too broad, covering a period long subsequent to the commencement of the action. This defect, if it were the only one, might be cured by a modification of the order. It is referred to merely as illustrative of the general character of the order. Its defects are beyond cure by modification. Not only does the petitioner fail to excuse his obvious laches, and to disclose any necessity for the discovery, but he also fails to show any facts leading to the inference that the books contain any entries which would aid defendants. On the contrary, the inference is that they do not.

The order must be reversed, with $10 costs and disbursements, and and the motion denied, with $10 costs. All concur.