Elizabeth M. Murphy, as Executrix, etc., Plaintiff, *v.* Edward A. Keenan, as Director and Trustee, etc., Defendant.

(Supreme Court, Monroe Special Term, November, 1917.)

Discovery — inspection — when application for disclosure of books, papers and documents granted — actions — pleading — evidence — Code Civ. Pro. § 803.

Under section 803 of the Code of Civil Procedure and rule 14 of the General Rules of Practice a disclosure of books, papers and documents relating to the merits or defense of an action may be had to frame a pleading or to enable a party to prepare for trial where the evidence is competent, relevant, material and necessary.

The cases in which such disclosure will be granted group themselves into three classes: Where the books, papers and documents are the foundation of the action; where the applicant has a special interest in the evidence and where the

books, papers or documents, in which he has no special interest, contain evidence which the party desires to enable him to prepare his pleading or to prepare for trial.

The application, however, in any case will be granted only in the exercise of a sound discretion in the ascertainment of truth and the advancement of justice, but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party.

Such an application will be granted even in an equitable action for an accounting between the trustee of a corporation voluntarily dissolved and the executrix of a deceased trustee where the existence of the confidential relationship which is the basis of the accounting is admitted in the pleading.

MOTION by plaintiff for an order for the disclosure of books, papers and documents.

Wile, Oviatt & Gilman (Percival D. Oviatt, of counsel), for motion.

Charles L. Bauer, opposed.

RODENBECK, J. The plaintiff is entitled to the disclosure and inspection of the books, papers and documents desired for the purpose of preparing for trial. Section 803 of the Code of Civil Procedure and rule 14 of the General Rules. of Practice authorize the disclosure of books, papers and documents relating to the merits or defense of an action for the purpose of framing pleadings or to enable a party to prepare for trial where the evidence is competent, relevant, material and necessary. The granting of the motion rests in the sound discretion of the court and it is difficult to abstract a general rule from the decisions which will apply to all cases.

The cases, however, in which such a disclosure will be granted may be grouped into three classes: *First,* where the books, papers and documents are the founda-

tion of the action as for instance a written contract which a party desires but of which he has no copy (*Wesson* v. *Judd*, 1 Abb. Pr. 254; *Perrow* v. *Lindsay*, 52 Hun, 115; *Stilwell* v. *Priest*, 85 N. Y. 649); *second*, where the applicant has a special interest in the books, papers and documents such as that of a partner or that of one occupying a confidential relation (*Thomas* v. *Waite Co.*, 113 App. Div. 494; *Howlett* v. *Hall*, 55 id. 614; *Veiller* v. *Oppenheim*, 75 Hun, 21; *Fleischmann* v. *Fleischmann*, 31 Misc. Rep. 216; *Lord* v. *Spielman*, 13 id. 48; *Manley* v. *Bonnel*, 11 Abb. N. C. 123; *Kelly* v. *Eckford,* 5 Paige, 548; *Stebbins* v. *Harmon*, 17 Hun, 445; *Babbitt* v. *Crampton,* 1 Civ. Pro. 169; *Zimmerman* v. *Dieckerhoff*, 12 N. Y. St. Repr. 613); and *third*, where the books, papers and documents contain evidence which the party desires to enable him to prepare his pleading or to prepare for trial but in which he has no special interest. *Brownell* v. *National Bank of Gloversville,* 20 Hun, 517.

In the first two groups a disclosure and inspection is usually granted as a matter of course subject, however, to the rule that the necessity therefor must appear, while in the third group the party is required to make out a clear case that the evidence which he desires to examine is competent, relevant, material and necessary to enable him to frame his complaint or to prepare for trial.

The rule seems to have grown up in equitable actions for an accounting where there is an issue as to the right to the accounting, that a disclosure and inspection will not be ordered until that issue has been tried because if that issue is decided adversely to the party desiring a disclosure and inspection the necessity for it will disappear. *Conrady* v. *Buhre,* 148 App. Div. 776; *Moore* v. *Reinhardt,* 132 id. 707; *Fogarty* v. *Fogarty,* 128 id. 275. But this is a rule of procedure

Supreme Court, November, 1917. [Vol. 101.

and should not be allowed to stand in the way of the ascertainment of truth and the administration of justice. In actions at law where an account is necessary, as for instance where the party is entitled to a share in the profits of the business as part compensation for his employment, a disclosure and inspection is allowed (*Webb* v. *Hedge Co.*, 133 App. Div. 420) whereas at common law no such disclosure and inspection was permitted except through the channels of the chancery court. This inconvenience has been removed but the requirement in our present practice that the application shall be made upon a petition is still a relic of the old procedure.

The application, however, in any case will be granted only in the exercise of a sound discretion in the ascertainment of truth and the advancement of justice but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party. *Pierce* v. *McLaughlin Real Estate Co.*, 121 App. Div. 501; *Ferguson* v. *Bien*, 49 Misc. Rep. 450; *Ward* v. *New York Life Ins. Co.*, 78 Hun, 336; *Bissell* v. *Mutual Res. Fund Assn.*, 38 Misc. Rep. 249; *Marx* v. *Pennsylvania Fire Ins. Co.*, 28 id. 490.

In the present case it is admitted that the defendant is the surviving director and trustee of a corporation which has been voluntarily dissolved so that upon that question there is no issue and in this respect the case differs from those cases where an issue as to the right to an accounting exists. It is true that the defendant claims that an adjustment and settlement was made with plaintiff's husband subsequently to the dissolution but she has no knowledge of such settlement and this issue can be determined perhaps by a disclosure and inspection of the books of the corporation and of the trustee charged with winding up its affairs. No rule of pro-

cedure should stand in the way of enabling the plaintiff to obtain this information so that she may be prepared to try her case.   Under the old common law practice except through the chancery court a party could not be compelled to disclose evidence and a witness could not be examined out of court but we are not now so tender of the rules of procedure and are giving more heed to the discovery of truth and the administration of justice.   The motion is granted.

Motion granted.