## SUPREME COURT.

THE UNION BANK in the city of New-York agt. GERRIT S. MOTT, impleaded with JACOB H. MOTT..

Where an appeal is taken from an order, denying an application to vacate an original order of arrest, made after full hearing of both parties, the objection, that the affidavits upon which the original order was granted were mainly upon information and belief, can have but little weight with the appellate court, where the principal allegations in such affidavits were not explained nor denied.

Where a regular judgment by default was obtained against the defendant for the whole amount of the alleged fraudulent indebtedness, with an award of execution against the defendant personally, as well as against his property, prior to the date of the order of arrest, and which judgment was on application of the defendant opened, and the defendant allowed to come in and defend on certain conditions,

*Held*, that although such final process thus awarded would necessarily extinguish all provisional remedies previously existing, yet the defendant having availed himself of the conditions upon which the judgment against him was opened, and having put in a defence, he had elected to treat the controversy as a *lis pendens*, and was estopped from treating it as a *res judicata.* (*See this case at special term*, 16 *How.* 525.)

*New - York General Term, February*, 1859.

APPEAL from an order denying a motion to vacate an order of arrest.

SAMUEL A. FOOT, *for plaintiffs.*
D. DUDLEY FIELD, *for defendant.*

By the court—ROOSEVELT, Justice. The object of this appeal, on the part of the defendant Gerrit S. Mott, is to be discharged from an order of arrest obtained against him by the Union Bank, on the alleged ground of a fraudulent abstraction of a very large amount of its funds, by means of unauthorized overdrafts.

Two objections are made to the order: *First.* That the affidavits, whatever may be the character of their contents, if true, were mainly on information and belief.

This objection, under the circumstances, can have but little weight. The appeal is not from the original *ex parte* order of arrest, but from the subsequent order of another judge, made on hearing both parties, confirming the order previously made. On that hearing the defendant had an opportunity of denying the truth of the information on which the plaintiffs founded their belief. Copies of the affidavits had been duly served upon him. Instead of contradicting or explaining their allegations, he left them wholly unanswered. What, therefore, might perhaps have been comparatively weak before, became strong by his silence. At all events, it relieved the judge

from the duty, if such a duty existed, of canvassing overnicely the form of the affidavits, and fully justified his conclusion that the statements were not denied, because (with truth) they could not be

We are bound, therefore, or at least authorized on this appeal, to assume, as virtually conceded facts, that Gerrit S. Mott, on or before January, 1849, for some reason unexplained, gave his brother, Jacob H. Mott, a power of attorney to make deposits and draw checks, in his (Gerrit's,) name; that Gerrit at the time was in partnership with another brother, named Hopper Mott, under the firm of Mott Brothers, jewellers, Jacob being one of their clerks; that, by the connivance of a bookkeeper in the bank, fraudulent overdrafts were effected, in four years, to the amount of over $96,000; that the plaintiffs had recently obtained access to the books of Mott Brothers, from which it appeared that the fraudulent overdrafts in the name of Gerrit had gone into the business of the firm; that, subsequently to December, 1855, and down to March, 1858, Jacob kept an account in his own name, and by the connivance of the same bookkeeper fraudulently overdrew the further sum of $44,000 and upwards; and finally, that the *defendants* both Gerrit and Jacob (for such is the positive statement in one of the affidavits, uncontradicted), " by collusion," with Brotherson, the bookkeeper, and by means of the checks referred to, some in Jacob's name as attorney, and some in Jacob's name, without such description, fraudulently obtained from the bank the aggregate sum of $140,000, and upwards.

So far, then, as relates to the first objection, it is clear, we think, that the judge whose decision is appealed from was fully justified, on the question of fact, in refusing to set aside the order of arrest.

*Second.* The next objection is of a somewhat technical character. It appears, that before the date of the order of arrest, a regular judgment by default for the whole demand, $198,600.87, had been obtained, with an award of execution as well *against the body* of the defendant as against his property. And it is insisted that the final process thus

awarded necessarily extinguishes all provisional remedies previously existing.

This result would undoubtedly have followed, had not the defendant himself, for his own benefit and on his own application, obtained from the court a modification of the judgment, depriving it of its ordinary character as a *res judicata*, and leaving it in force only as a lien or collateral security on his real estate. He was permitted, notwithstanding his default, to put in an answer and make a defence upon two conditions: one, that he should pay the costs, including the fees and charges on the execution which had been issued; the other, that he should allow the judgment which had already been entered to stand *as security* for the alleged indebtedness. He agreed to these conditions by paying the costs and putting in the answer, which the plaintiffs accepted. Having availed himself of the order, he is bound by all its conditions. In other words, he has elected to treat the controversy as a *lis pendens*, and is estopped thereby from treating it as a *res judicata*.

He cannot assume such a contradictory position as to claim, in the language by which the Code defines a complete judgment, that this judgment is now "the final determination of the rights of the parties in the action," and yet at the same time go to trial on the basis of no determination at all having been made.

On neither ground, therefore, should the order of arrest have been vacated; and the denial of the motion to that effect of course must be affirmed with costs.