# HUSSON a. FOX.

*Supreme Court, First District; General Term, Feb.,* 1863.

INSPECTION OF BOOKS.—PETITION FOR DISCOVERY.

A petition on an application for an inspection of books or papers, alleging only the applicant's belief that such books contain certain entries material to his case, is insufficient to warrant an order for inspection. It must state facts showing a reasonable ground for such belief.

Appeal from an order directing a discovery of books and papers.

This action was brought by Joseph Husson against Edward Fox to recover $5,000 for money lent and services as an attorney. Pending the trial before a referee, on the petition of the plaintiff and the opposing affidavits on the part of the defend-

ant, Mr. Justice Barnard granted an order for the discovery by defendant of the contents of his books, &c. The facts and the form of the order sufficiently appear from the opinion.

The defendant appealed.

*Henry M. McQuoid*, for the appellant.—The court have laid down the following rules as motions for discovery. The petitioner must distinctly show, to the satisfaction of the court, that the books and papers which he seeks to have produced contain evidence relating to the merits of the suit. (Davis *a.* Dunham, 13 *How. Pr.*, 425.) A party cannot be subjected to a fishing examination or investigation, with a view to ascertain the fact whether he has or has not books, papers, or documents which may contain evidence relating to the merits of the action, unless he is examined as a witness. (Hoyt *a.* American Exchange Bank, 1 *Duer*, 652 ; S. C., 8 *How. Pr.*, 89.) Neither at law nor in equity has a party a right to make a general search and examination for evidence among the private books and papers of his adversary. The party can now be examined as a witness, and a mere discovery, properly so called, as to books, papers, and documents should be in no other way than on examination of the party. (Brevoort *a.* Warner, 8 *How. Pr.*, 321 ; Stalker *a.* Gaunt, 12 *N. Y. Leg. Obs.*, 132 ; Commercial Bank *a.* Denham, 13 *How. Pr.*, 541.) An application to produce books, &c., under the Code or the Revised Statutes, where the case is before a referee, cannot be allowed when an affidavit is positive that the books contain no item which is not in an account rendered, and the account no item not in the books. (Higgin *a.* Bishop, 12 *N. Y. Leg. Obs.*, 127.) A petition by one party for an order directing the other party to make a discovery of books and papers in his possession, will not be granted when it prays for a discovery generally of all the books, papers, and correspondence of the adverse party, containing entries during a period of several years, relating to purchases of a specified commodity. (Cassard *a.* Hinman, 6 *Duer*, 695.) A petition for a discovery of books and papers should show the character of the entries and how they are material to the case ; generally speaking, discovery of books, &c., should not be allowed where competent testimony is easily attainable of the facts by witnesses, much less when it can be obtained by the examination of the

party as a witness. (Stalker *a.* Gaunt, 12 *N. Y. Leg. Obs.*, 132.) It is not sufficient for a party to say that he *thinks* à discovery is necessary. He must show how and why it is necessary. (17 *How. Pr.*, 480.) One of the first facts which should appear, on an application for a discovery of books and papers for the purpose of preparing for trial, is, that the applicant has not in his possession the same information, or, if he has, that he has not the means of establishing, by other available proof, the contents of such books or papers. (Per WOODRUFF, J. in McAlister *a.* Pond, 15 *How. Pr.*, 299 ; People *a.* Trinity Church, 6 *Abbotts' Pr.*, 177.) A statement in a petition for a discovery of books and papers, which in all its material allegations is capable of being condensed into a sentence like this : " we believe your books and letters will help our defence, and if they do, it is material for us that you should show them," is too vague and indefinite to grant an order of discovery upon. (Pegram *a.* Carson, 10 *Abbotts' Pr.*, 340 ; S. C., 18 *How. Pr.*, 519.

*John M. Martin,* for the respondent.—I. The appeal from the order in this action should be dismissed as not appealable. 1. The motion at special term was in the discretion of the court (*Code*, § 388), and as such is not appealable. (See 2 *Whit. Pr.*, 230, and cases cited ; also, 3 *Code R.*, 85 ; 10 *Barb.*, 303 ; 11 *N. Y.*, 576.) 2. Nor is this appeal warranted by section 349 of the Code.

II. If appealable, the order of special term should be affirmed. 1. Because the petition and moving papers show the propriety and necessity of a production and inspection of the defendant's books, &c., and that without it the plaintiff will not be able to serve a new bill of particulars, or to proceed with the reference. 2. Because the opposing affidavits do not deny the most material part of the moving papers. 3. Because it appears that under the pretence of a friendly settlement with plaintiff, the defendant has obtained the knowledge of certain facts by an inspection of plaintiff's books and papers, and having obtained the advantage of such knowledge, he now seeks to avoid a like inspection of his books, &c.

III. All conflicting questions of fact raised by the affidavits have been settled in respondent's favor by the judge below, and will not be reviewed by this court.

SUTHERLAND, P: J.—By the order appealed from, the defendant was ordered to produce and discover all of his books of account, containing any of the accounts of the plaintiff with the defendant, from October 1, 1843, to November 1, 1854, and also the sales-book, journals, or day-book, showing the original entries of articles sold to plaintiff during said period; also the books of account showing the borrowed and lent money between the plaintiff and defendant during said period, and to permit the plaintiff to inspect the said books of account, and to furnish the plaintiff with sworn copies of the same, and of the entries therein, or permit the plaintiff to take copies thereof.

It appears to me that this broad order was granted without sufficient consideration.

The plaintiff states in his petition, that he lent to the defendant and received from him various sums of money, amounting in the aggregate to several thousand dollars, prior to June 26th, 1847, that he has omitted to charge the defendant in his journal, and in his bill of particulars, with some one or more of the sums of money lent him prior to June 26th, 1847, and " that he verily believes the said books of said defendant contain the entry or entries of such loans."

It is plain that the plaintiff had no knowledge or recollection of any particular sum or sums so loaned, and could not specify one or more. He states his belief that defendant's books contain the entry or entries of such loans, but he does not state facts and circumstances showing reasonable grounds for such belief. He had no right to an order which would enable him to turn over the leaves of the defendant's books, to see whether he could not discover something which would help his case. (Davis *a.* Dunham, 13 *How. Pr.*, 425; Hoyt *a.* American Exchange Bank, 1 *Duer*, 652; S. C., 8 *How. Pr.*, 89.) These remarks apply also to the statements in the plaintiff's petition that the charges in the defendant's bill of particulars for clothing furnished to the plaintiff will be found, on an inspection of the defendant's books, to be higher or larger than the original entries or charges in the books, and that the production and inspection of the defendant's books will show discrepancies between the defendant's bill of particulars and the accounts in the books.

I do not think, therefore, that the plaintiff's petition unan-

swered would have authorized the order made. But the petition was answered, and I think fully met by the defendant's papers. All the statements in the petition as the reasons or grounds for the discovery, appear to have been fully met by the papers read in opposition to the motion.

I think the order appealed from should be reversed, with $10 costs.

INGRAHAM and CLERKE, JJ., concurred.

---

## FREEMAN *a.* MUNNS.

*Supreme Court, First District ; General Term, Feb.,* 1862.

FORECLOSURE.—VACATING SALE.—TITLE OF PURCHASER.—SURPLUS MONEYS.—CLAIMS OF INFANTS.—SECURITY ON APPEAL.

An order vacating the sale and opening the judgment in foreclosure renders invalid the title of the purchaser and his grantees.

Infants are specially entitled to protection in regard to their claims to property which is under the control of the court.

Thus where an order setting aside a sale and opening a judgment in foreclosure invalidated the title of an infant owner of the equity of redemption to surplus moneys arising from a second foreclosure, and it appeared that an appeal was pending from such order, and the question was not free from doubt ;—*Held*, that proceedings should be stayed and facilities given to the infant for an appeal from the proposed order, with moderate security.

Appeal from an order directing the disposition of surplus moneys.

This action was brought by Lorrain Freeman against James Munns and wife, Anthony McReynolds, Helen A. Clark, Randolph Barnes, and others, to foreclose a mortgage for $5,600. After the sale and payment of the mortgage-debt and costs, there remained a surplus of $1,173.18. This surplus was claimed by Archibald M. Allerton, jr., and by Mary L. Clark, an infant daughter of the above-named Helen A. Clark, the latter having departed this life since the commencement of the