By the Court,
Robertson, J.
This being an action on contract, the order of arrest must be sustained, if at all, under the fourth or fifth subdivisions, as it is not one of those enumerated in the second subdivision of section 179 of the Code. The agent of the defendants who made the purchase (Herbert) testified that he made the contract in question on their employ *627 raenfc, and in order to induce the plaintiff to make it, represented that the defendants were good and responsible, were making purchases to fill orders from abroad, were doing a gooand safe business with some of Hennings & Gosling’s West London houses in filling orders from them, and that it was safe and prudent for the plaintiff to sell them. He also states that such representations were made by him on the authority of similar ones made by the defendants to him. The justice who granted the order of arrest was warranted in inferring therefrom that such agent was authorized by the defendants to make such statements to the plaintiff in order to enable him to procure such contract; otherwise why authorize him to malée such contract and state that it was safe for the plaintiff to sell them. The contract was made on the 9th of November, 1863; on the 13th of November the plaintiff sent the measurer’s return of the grain agreed to be sold, and a bill for the merchandise, amounting to nearly $11,000, and next day (15th) demanded payment. The defendants then promised to pay the bill the next week, but between that day and the 17th, one day only intervening, they failed in business. This was sufficient prima facie evidence, within all the cases, that the representations made on the 9th previous were untrue. (Freeman v. Leland, 2 Abb. 479. Scudder v. Barnes, 16 How. 534. Wilmerding v. Mooney, 11 Abb. 283. Wallace v. Murphy, 22 How. 414. Ward v. Woodburn, 27 Barb. 346.) If any alteration in the defendants’ affairs for the worse had taken place.before the delivery of the measurer’s return, they were bound, in honesty, to have notified the plaintiff of it; not having done so, they are to be looked upon as then reiterating their former representations. Their attempt to postpone the payment for a week, and failing within two days, is conclusive of intent, (Whitcomb v. Saloman, 16 How. 533,) in the absence of any explanation.
This is entirely apart from any consideration arising out of the sworn allegations of the plaintiff that he had ascertained that the representations made to him were untrue ; and that the defendants were about'to abscond from the United States' *628 and carry with them their property; or the statement of their agent that he had also become convinced, by information since obtained, that such representations were untrue. Taking such allegations to be merely on information and belief, it was a matter of discretion with the justice granting the order how far he would require the sources and nature of the information to be disclosed in order to satisfy him. The 181st section of the Code requires the order to be made where “ it shall appear to the judge by the affidavit of the plaintiff or of any other person, that a sufficient cause of action exists, and the case is one of those mentioned in section 179.” In Crandall v. Bryan, (5 Abb. 162,) Smith, J. says: “The statute does not define the proof to be made, except that it be by affidavit. Nor does it define or fix the degree or extent of the evidence ; how near it must come to legal evidence, such as would be required on the trial of the issues. Something doubtless is left to the judgment and discretion of the judge, in respect to the particular facts of such case. He must be satisfied judicially,” In Peel v. Elliott, (16 How. 481,) an order of arrest was sustained, notwithstanding the objection that the allegations were only on belief founded on information. In other cases the court has expressed dissatisfaction with naked allegations on information and belief, unless the nature and sources of the information be disclosed, to enable the court to judge whether the belief was properly based. (Whitlock v. Roth, 5 How. 143.) To require such statement would undoubtedly be the exercise of a sound discretion, but not to have required it, hardly forms a sufficient ground to sustain an appeal. It is very evident that how far a plaintiff is to be required to go, in giving the whole extent of his information, is entirely a matter of discretion with the judge granting the order, and therefore it has been held that a refusal to vacate, an order of arrest is not appealable, simply because the affidavits on which it was granted stopped with a general averment of information. (Union Bank v. Mott, 17 How. Pr. 353 ; S. C. 9 Abb. Pr. 106.)
It does not appear, directly, that the defendants are on bail. If they were, the appeal should not be sustained without affir *629 mative disproof of the facts stated in the affidavits on which the order was obtained. (Moers v. Martens, 8 Abb. Pr. 257. S. C. 17 How. Pr. 280, sub. nom. Moers v. Morro.)
As it is, the order appealed from must be affirmed with costs.