By the Court.*—Miller, P. J.
The authorities are conflicting upon the question whether an appeal lies from an order for the discovery of books or papers. It appears from the cases that appeals have often been taken, and the order appealed from reversed in numerous instances, without passing upon the question whether an appeal could lawfully be made. Without attempting to reconcile the conflicting cases, I am inclined to think, that an order of this character involves a substantial right, and therefore an appeal lies.
The rules which apply to applications of this kind are well settled. The party desirous of a discovery must show, to the satisfaction of the court, or officer, that the books or papers which he seeks to have produced contain evidence relating to the merits of the action. He must state the facts and circumstances upon which the discovery is claimed, and the statement of the facts must be sufficient to satisfy the court or officer that there is reason to believe that the books *226 which the party seeks to obtain, do in fact contain material evidence (Davis v. Dunham, 13 How. Pr., 425; Hoyt v. American Exchange Bank, 1 Duer, 652; 8 How. Pr., 89). It is not enough that the party believes or is advised that the paper contains material evidence. Facts must be shown to support it (Morrison v. Sturges, 26 How. Pr., 177; see, also Husson v. Fox, 15 Abb. Pr., 464; People v. Rector, &c. of Trinity Church, 6 Id., 177). The moving papers should be such as to enable the court to see that the documents relate to the merits, and that they will be presumptively material in preparing for trial, and if that appears, the oath of the party to that effect is not even necessary. As was said in Hoyt v. American Exchange Bank (1 Duer, 655), “Enough must be stated to justify a presumption that the documents relating to a specified subject matter exist, are in possession or control of the other party, and that they will tend to establish some claim or defense of the party seeking for the discovery.”
The question, then, to be determined, is whether sufficient appears to satisfy the court that the books called for are material and necessary for the plaintiffs, as claimed. The plaintiffs’ complaint claims that the holders of preferred stock are entitled to a dividend out of the “net earnings” of the company, during the year 1868, and the principal question made by the pleadings is whether there were any “net earnings” during that year. The affidavit of one of the plaintiffs states, that application has been made for the inspection of certain books and papers mentioned in a schedule which is annexed; that the plaintiffs are advised that the books and papers referred to in the schedule are material to the plaintiffs in the preparation for trial of the action, and without proof of the facts thereby shown, said plaintiffs cannot safely proceed to the trial of the action, and that deponent verily believes the facts to be true. In addition to this is the affidavit *227 of the plaintiffs’ attorney, showing the declarations of the former treasurer, and now president of the company, upon an examination before a legislative committee as to some portions of the items set forth in the schedule. There is no denial of the facts alleged by the defendant, and the plaintiffs are entitled to the benefit of all the intendments and inferences to be drawn from the allegations made in the affidavits, which are not contradicted.
In Livermore v. St. John (4 Robt., 12), it was held that where the petition shows that the papers contained evidence that the plaintiff has no legal demand against the defendant, a discovery of them will be granted, if the allegation is not contradicted. In the case last cited, the petition contained the general allegation, that the petitioner is advised by his counsel, and believes, that his letter ££ contained evidence that the plaintiffs then had no evidence against him,” which is equivalent to the allegation of the plaintiffs in the affidavit in this case. Morell, J., says: “Its contents (the paper) “ were not attempted to be described, and the bare statement that it contains evidence to the effect that the plaintiffs had no legal claim against the defendant, is perhaps a legal conclusion which may be drawn from the contents of the letter when it shall have been produced. But it did not put the court in possession of any fact.” “In this case, however, the allegation is not upon information and belief, but positive, that the paper contains evidence, showing, or tending to show, that the plaintiffs had no legal claim against the defendant. Besides, the allegation is not controverted by the plaintiffs, who, if the fact was otherwise, could have denied it on the motion. Therefore, for the purposes of this motion, I shall regard the allegation in the petition as sufficient, if otherwise the defendant is entitled to a discovery” . (See, also, Union Bank v. Mott, 9 Abb. Pr., 106, 109; Lefferts v. Brampton, 24 *228 How. Pr., 257, 258, 261). In the last case it was said by Daly, P. J.: “ The application is not required to prove positively that the documentary evidence exists, as the right given is one of discovery, but he must show sufficient to satisfy the court that there is good reason to suppose,-dead the opposite party has documentary evidence in his possession, material to the matters in issue, and the presumption that he has, becomes a very strong one, if, with the means of Tcnowledge in his power, he does not deny the fact.”
Having in view the rules laid down in the cases cited, and looking at the papers on which this motion is founded, and the circumstances which bear upon the question involved, I am inclined to think that most of the books and papers called for are material for the plaintiffs in preparing for trial. As to the books and papers named in the schedule marked one, two, and three, which relate to the payment. of five hundred thousand thousand dollars, or some other sum of money, to John S. Eldridge, in the latter part of the year 1867, or early part of 1868, it is alleged that they are material, and not denied. It is not difficult to see, from the nature of this action, which is partially at least designed for an accounting, that the payment of so large a sum of money may very sensibly affect the amount of receipts and expenses of the company, and consequently the “net earnings ” to be divided among the preferred stockholders. This would be material to the issue involved in the case. If they did not relate to the “net earnings,” it would have been very easy for the defendants to have shown by affidavit that such was the fact, and thus entirely answered the application in this respect. True, the plaintiffs were bound to make out a case, but having done so prima facie, the defendants should meet the facts which are thus established. The same remarks are applicable to the books referred to in the fourth and fifth portions of the schedule. The *229 sixth and seventh parts relate to money paid on obligations created by the company, are also within the same rule. There is some evidence—the declaration of the former treasurer, which I think is entitled to weight—that the payments may have been made out of the net earnings. The eighth, ninth, and twelfth parts are also proper, for the reasons applicable generally to all the others. The tenth relates to convertible bonds, the proceeds of which, I think, could not affect the net profits, and therefore was improperly allowed. The eleventh is too broad. It runs back to 1862, and it is not manifest how it can bear upon the question involved in this case. With the two exceptions last stated, I think the order was right, with a modification, however, that it shall be confined to entries in the books and papers relating to the subject referred to, and not a roving commission to examine the entire books which contain these entries, beyond the items referred to.
The order must be affirmed with the modification stated, and without prejudice to another application for the books and papers mentioned in the paragraph numbered eleven in the order.
Neither party should have costs of this appeal.
. Order accordingly.

Present, Miller, P. J., and Parker, JJ.