VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial granted, with costs to appellants to abide the event.

---

In the Matter of the Application of HENRY T. BRONSON, as Receiver, etc., of NEIL MACDONALD, a Judgment Debtor, Respondent, for the Examination Before Trial of CHARLES B. VAN NOSTRAND, a Proposed Defendant, Appellant.

*Code of Civil Procedure, § 873 — application for an order of examination there-under — when fatally defective.*

The authority to inquire into the private affairs of a person alleged to be inter-ested in an action will not be granted by a court until it has such knowledge of the facts as convinces it that the examination is desired solely for the pur-poses authorized by the Code.

The papers upon which an order of examination of a defendant to enable the plaintiff to prepare his complaint, made pursuant to section 873 of the Code of Civil Procedure, is based are fatally defective when they do not contain, in support of the allegations made therein upon information and belief. the affi-davit of the deponent's informant or a statement of the reason for the non·production thereof.

APPEAL by the proposed defendant, Charles B. Van Nostrand, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1894, denying his motion to vacate an order of examination made pursuant to section 873 of the Code of Civil Procedure, and directing him to submit to an exami-nation pursuant to the terms of such order.

*Treadwell Cleveland*, for the appellant.

*William Mitchell*, for the respondent.

PARKER, J. :

The affidavit upon which the order is based authorizing the examination of Van Nostrand for the alleged purpose of enabling

the affiant to prepare his complaint in an action to be brought by him, is fatally defective in that it fails to support the allegations made upon information and belief by the affidavit of deponent's informant or by assigning a reason for not producing such affidavit and presenting instead the statements made by him to the affiant. From the affidavit it appears that the information which persuaded the affiant to make it was obtained from one MacDonald, and an alleged copy of an agreement. The so-called agreement does not justify the belief expressed; and the remaining source of information is, therefore, MacDonald's statement to him. But he has failed to furnish to the court any part of the conversation with MacDonald. Whether MacDonald said anything to justify the impression made upon the affiant's mind the court cannot know; and the authority to inquire into the private affairs of a party alleged to be interested in an action will not be granted by it until it has such knowledge of the facts as persuades it that the examination is desired solely for the purposes authorized by the Code.

The order should be reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.