GOODYEAR'S INDIA RUBBER GLOVE MANUFACTURING COMPANY, Respondent, *v.* FRANK B. GORHAM and Others, Appellants.

*Discovery of a book — allegations in the petition therefor made upon information and belief — the essential facts must be stated of deponent's knowledge.*

A petition for the discovery of a copy book of a firm, alleged to have been the undisclosed principals in the buying of certain goods, to recover the price of which the action was brought, is defective if its statements in regard to some of the material facts alleged are made upon information and belief, and are unsupported by the affidavit of the plaintiff's informant.

The petition in such a proceeding is in the nature of a pleading, and although, when duly verified, its allegations, made on the personal knowledge of the petitioner, are to be accepted as proofs, yet its statements made on information and belief are mere allegations and do not partake of the nature of proofs.

Among the things most essential to be shown to the court, in proceedings of such a character, are the facts from which the court may determine that the book or paper of which discovery is sought, contains some matter material to the issue in the action, the discovery of which would be to the advantage of the party seeking the discovery.

APPEAL by the defendants, Frank B. Gorham and others, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Cayuga on the 18th day of September, 1894, granting the plaintiff a discovery and inspection of a certain copy book.

*J. M. E. O'Grady*, for the appellants.

*Scott Cummings*, for the respondent.

DWIGHT, P. J. :

The action was to recover of the firm of Gorham, Wilcox & Co. the price of goods sold and delivered by the plaintiff to the firm of Pitt & Esser, on the ground that the defendants were the undisclosed principals for whom the last-named firm purchased the goods as agents, and the question of the existence of that relation between the two firms constituted the chief, if not the only, issue in the action. It is for the purpose of obtaining information relating to that issue, in advance of trial, that this proceeding was instituted by the petition of the plaintiff, unsupported by any other proofs.

The petition is defective as proof of some of the material facts alleged, for the reason that its statements in those particulars are on information and belief only, and are unsupported by the affidavit of the plaintiff's informant. (*Husson* v. *Fox*, 15 Abb. Pr. 464; *Matter of Bronson*, 78 Hun, 351.) The petition in a proceeding like this is in the nature of a pleading, and although, when duly verified, its allegations, made on the personal knowledge of the petitioner, are to be accepted as proofs, yet its statements, made on information and belief, are mere allegations, and do not partake of the nature of proofs.

So far then as this petition, which stands alone on the part of the plaintiff, is upon information and belief only, the matters so stated are without any proof whatever, and furnish no ground for any action by the court affecting the rights of others.

Among the things most essential to be shown to the court in a proceeding of this character are the facts from which the court may adjudge that the book or paper of which discovery is sought, contains some matter which is material to the issue in the action, and which would be to the advantage of the party seeking discovery. (Rule 15 of General Rules of Practice; *Brownell* v. *National Bank of Gloversville*, 20 Hun, 517.) But in this petition all the allegations even tending to establish those facts are upon information and belief; and, as we have said, are, therefore, mere allegations, which require proof before they can furnish ground for the order of the court. The petition attributes the information upon which these

allegations are made to one John R. Pitt, who, it seems, as one of the firm of Pitt & Esser, is to be relieved from liability for the cause of action herein, if the same can be enforced against the defendants, and who, it is said, " wrote the originals of said letters." He might, no doubt, have made proof of facts indispensable to this proceeding, but his affidavit is wanting, and no reason is given why it could not have been procured.

In the particular considered the moving papers are clearly insufficient to warrant the granting of the order for discovery, and the application should have been denied.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from reversed and motion denied, with ten dollars costs and disbursements, but without prejudice to renew on further papers.