# SECOND DEPARTMENT

AT

# GENERAL TERM,

## March, 1895.

---

85h 417
69 A.D 617
85h 417
79 A.D 120

OLIVER W. COOK, Appellant, *v.* THE NEW AMSTERDAM REAL ESTATE ASSOCIATION and Others, Defendants; THE ALBANY CITY NATIONAL BANK, Respondent.

*Examination of plaintiff before trial — affidavit therefor, when insufficient.*

An affidavit, on which an application is made for an order for the examination of the plaintiff before trial, is defective when it does not show knowledge on the part of the attorney who makes the affidavit, as to the materiality of the plaintiff's testimony, or state the source of such attorney's information and the reason for not procuring the affidavit of his informant, and which does not state the nature of the defense.

APPEAL by the plaintiff, Oliver W. Cook, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of January, 1895, denying the motion of the plaintiff to vacate an order made for the examination of the plaintiff before trial.

The affidavit upon which the order in this case was granted was as follows:

" STATE OF NEW YORK, ⎫
" *City and County of Albany,* ⎬ *ss.:*

" Amasa J. Parker, of the city and county of Albany, New York, being duly sworn, says:

" That he is a member of the firm of Parker & Fiero, and one of the attorneys for the defendant, the Albany City National Bank, in

the above-entitled action. That this action was commenced against such defendant by admission of service of summons and complaint on the 7th day of November, 1894, and that issue was joined therein on the 27th day of November, 1894, by the service of the defendant's answer.

" That this action is brought for the foreclosure of a mortgage of which plaintiff claims to be the owner and holder, given by the New Amsterdam Real Estate Association, and it is alleged that the other defendants have, or claim to have, some interest in or lien upon the mortgaged premises or some part thereof subsequent to that of the plaintiff. That the defendant, the Albany City National Bank, is the owner and holder of two judgments against the New Amsterdam Real Estate Association, one entered in Westchester county clerk's office on the 26th day of August, 1894, for $422.77, and the other entered in the said clerk's office on the 14th day of November, 1894, for $424.03.

" That a defense to this action is interposed because defendant and its attorneys are informed that the mortgage of the plaintiff, Oliver W. Cook, sought to be foreclosed, is not a *bona fide* mortgage and was not given for a valuable consideration, at least to the full amount thereof, and that the amount claimed to be due is much larger than the amount actually due thereon, and that said mortgage was given or transferred for the purpose of enabling some of the parties interested as stockholders in the defendant, the New Amsterdam Real Estate Association, to obtain title to said property by foreclosure proceedings for much less than its real value upon a claim not actually in existence. That the effect of such foreclosure, together with the other incumbrances upon the property, would be to deprive this defendant of any interest therein and cause a sale and disposition of the property at a sacrifice so that defendant would in all probability be unable to realize any part of the judgments aforesaid.

" That the testimony of the above-named plaintiff, Oliver W. Cook, is material and necessary to this defendant for the purpose of enabling it to show facts hereinbefore set forth by way of defense, such facts not being within the knowledge of this defendant or of any person, so far as defendant is aware, except the said plaintiff and persons interested in the defendant, the New Amsterdam Real

Estate Association. That the said Oliver W. Cook, whose examination is desired, resides at 125 West Ninety-fourth street, in the city of New York, and has a place of business at 142 West 38th street, in said city. That no previous application for the examination of the said Oliver W. Cook has been made herein, and that said cause is noticed for trial at a Special Term for the trial of equity cases to be held in the county of Westchester on the 26th day of January, inst."

*Henry W. Smith,* for the appellant.

*Amasa J. Parker, Jr.,* for the Albany City National Bank, respondent.

BROWN, P. J. :

The affidavit upon which the order for the plaintiff's examination was granted was defective in not showing the materiality of the plaintiff's testimony to the knowledge of the attorney who made the affidavit, or stating the source of the attorney's information and the reason for not producing the affidavit of his informant. The affidavit states that issue had been joined in the action by the service of an answer by the Albany bank, but it does not state the nature of the defense. It states that the attorneys had been informed that the mortgage was not a *bona fide* mortgage; that it was not given for a valuable consideration, but made for the purpose of enabling some of the stockholders of the real estate association to obtain title to the mortgaged property by foreclosure proceedings upon a claim not in existence, but it does not state that such facts were known to the attorney making the affidavit, nor does it state the source of the information. Such an affidavit is fatally defective. (*Hale* v. *Rogers,* 22 Hun, 21; *In Matter of Bronson,* 78 id. 351.)

The order must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Order reversed, with ten dollars costs and disbursements. Motion granted, with ten dollars costs.