(67 App. Div. 545.)

LAIDLAW v. STIMSON et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

DEPOSITIONS—COMMISSION—AFFIDAVIT.

> An affidavit in an action for an accounting between members of a firm doing business in Pennsylvania, in which the attorney for the plaintiff swears that certain witnesses reside in Pennsylvania, and that all persons interested in the firm and familiar with the facts are residents of such state, except one of the defendants, and that the sources of affiant's information and the grounds of his belief are interviews and correspondence between various persons named, living in such other state, is sufficient, under Code Civ. Proc. §§ 887, 888, providing that in certain actions a commission to take depositions may issue on affidavit that the testimony of one or more witnesses not within the state is material to the applicant.

Appeal from special term, New York county.

Action by William R. Laidlaw against Daniel M. Stimson and others. From an order of the supreme court denying plaintiff's motion for an order directing a commission to issue for the examination of witnesses in the state of Pennsylvania, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Clarence P. Moser, for appellant.
W. P. Prentice, for respondents.

INGRAHAM, J. This is an action for an accounting as between the members of a copartnership called the Pittston Knitting Company, Limited. Issue was joined by the service of an answer by one of the defendants. It does not appear whether the other defendants have been served or not. The plaintiff then made a motion for a commission to take the testimony of certain witnesses named, upon interrogatories annexed to the commission. The motion was made on the affidavit of one of the plaintiff's attorneys, who swears that certain witnesses (naming them) reside in the state of Pennsylvania, and are not within this state; that these persons are material witnesses to prove the allegations of the complaint; that the Pittston Knitting

Company is a copartnership existing and doing business in Pennsylvania, and that all the persons interested in said company, and all the persons familiar with the facts in regard thereto, are residents of the said county of Luzerne, Pa., except the defendant Daniel M. Stimson, and that these witnesses are not within the state of New York, but within the state of Pennsylvania, where all of the said parties reside; that the sources of deponent's information and the grounds of his belief are interviews and correspondence which he has had with various persons named, living in Luzerne county, Pa. There was no affidavit submitted in opposition to this motion.

We think the affidavit is sufficient to bring the case within sections 887 and 888 of the Code of Civil Procedure. By section 887 it is provided that:

"In a case specified in the next section, where it appears by affidavit, on the application of either party, that the testimony of one or more witnesses not within the state is material to the applicant, a commission may be issued."

That this is a case mentioned in subdivision 5 of section 888 of the Code is clear. An issue of fact has been joined in this action, which is pending in the supreme court, and the affidavit shows that the testimony of the witnesses named is material to the applicant in the prosecution of the action. All that is necessary to appear to justify the granting of a motion for a commission is that the action should be one named in section 888, and that the testimony of one or more witnesses not within the state is material to the applicant. These facts appear from the affidavit upon which the motion is made. In the case of Einstein v. Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808, cited by counsel for defendants, no particular witness was named who could testify to any fact which was material; and the plaintiff's attorney, who made the affidavit, said that he did not know the name of any witness who could testify; and the order in that case was for an open commission, and not for a commission upon interrogatories. We think the affidavit is sufficient to justify the court in granting a motion for a commission, and the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.