(74 App. Div. 404.)

ORNE v. GREENE.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. EXAMINATION BEFORE TRIAL—MOTION—AFFIDAVIT—SUFFICIENCY.

Code Civ. Proc. § 872, subd. 4, authorizes the examination of a party before trial on a showing by affidavit that the testimony sought is material for the prosecution of or defense of the action by the moving party. Held that, where, on a motion for an examination, the sole paper, aside from the pleadings and the contracts which are the basis of the application, is the affidavit of the moving party's attorney, and the only excuse given why such party did not make the affidavit is that he was without the state, and, while the affidavit states that all the allegations are within the personal knowledge of the attorney, the matters set up in the affidavit as to personal transactions between the moving party and others show the attorney could not have had personal knowledge of such matters, the application is properly denied.

Appeal from special term, New York county.

Action by Benjamin Orne against William C. Greene. From an order directing the examination of defendant, and denying a motion to vacate the original order for such examination, and vacating the order which subsequently ex parte vacated the original order, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

M. E. Hardy, for appellant.

Archibald Watson, for respondent.

HATCH, J. This action was brought to compel the specific performance of two certain contracts in writing whereby it was claimed that the defendant, for valuable consideration, agreed to deliver to the plaintiff 10,000 shares of the stock of the Greene Consolidated Copper Company. The answer was—First, a general denial; second, that the plaintiff was not entitled to maintain the action, as he had an adequate remedy at law to recover damages for a breach of the contract; third, that there was failure of consideration; and, fourth, that the plaintiff was guilty of laches. The motion for the examination was made ex parte, and was based upon the affidavit of the plaintiff's attorney and the pleadings in the action. The ex parte order, which was first granted, was vacated by the court upon the ground that it appeared that the person to be examined was a party defendant, and therefore, by virtue of the provisions of subdivision 5 of section 872 of the Code of Civil Procedure, not such a person as could be examined. Subsequently an order to show cause was obtained, and upon the hearing the court vacated the order of vacation, restored the original order, and directed the examination to proceed.

We think the papers contain sufficient upon their face to authorize an examination, and that by virtue of the provisions of subdivision 4 of section 872 the examination was authorized. So far, therefore, as the right to the examination is concerned, the respondent's contention is correct. The order, however, must be reversed. The affidavit is made by the attorney, and is the sole paper, aside from the pleadings and the contracts, which was made the basis of the ap-

plication, and its statements are essential to support the order. The only excuse given why the plaintiff in the action did not make the affidavit is that he was not at the time within the city and county of New York, where the attorney resides, but was actually outside of the state. The observations made by this court in Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500, show such statement to be insufficient as an excuse for not producing the affidavit of the party. Nor is the affidavit saved by the statement that all of the allegations are within the personal knowledge of the attorney. The matters set up in the affidavit of personal transactions had by the plaintiff with the defendant, and his negotiation with Costello in Buffalo, which negotiation furnished the consideration for the contracts, show that the attorney could not have personal knowledge of such matters. For these reasons, the application must fail.

The order should be reversed, with $10 costs and disbursements, the motion to vacate the original order granted, and the motion to vacate the order vacating the original order denied, with $10 costs. All concur.