LOUIS F. BOYES and BENEDICT KUERZI, as Executors and Trustees under the Last Will and Testament of AUGUST BOSSARD, Deceased, Respondents, *v.* JULIE BOSSARD and Others, Appellants, Impleaded with EMIL F. BARLA and Others, Defendants.

*Conditional promise in an affidavit — when it is not to be treated, on a motion, as a concession — commission to examine witnesses as to the unwritten law of another country — when it should be granted — the action need not be at issue as to all the defendants.*

The following statement, contained in an affidavit submitted in opposition to a motion, "as to them, plaintiff will consent that they reside at the respective places indicated by them — viz.  *  *  *  provided they admit that they are citizens of said cities, cantons and Republic," is a mere conditional promise, the possibility of the enforcement of which upon the trial, in the absence of its incorporation into an order or into a stipulation, is so problematical that the court should not treat it as a concession and base its decision of the motion thereon.

Where the defendants in an action for the construction of a will deem it necessary, in the prosecution of their defense, to prove certain of the unwritten laws of the Republic of Switzerland and certain of its cantons, and apply for a commission to examine witnesses in the Republic of Switzerland for the purpose of proving such unwritten laws, the court should not refuse to grant such commission because such unwritten laws may, under section 942 of the Code of Civil Procedure, be shown by lawyers of the city of New York who are versed in the laws of the Republic of Switzerland and its cantons, and by written decisions of the courts of those jurisdictions which are to be found in the State of New York.

*Semble,* that where it appears that the action is at issue as to the defendants who applied for the commission, the fact that it is not at issue as to some of the other defendants, does not under subdivision 5 of section 888 of the Code of Civil Procedure constitute a ground for the denial of the motion.

APPEAL by the defendants, Julie Bossard and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of July, 1903, denying the said defendants' motion for a commission to examine witnesses in the Republic of Switzerland.

*Lemuel H. Arnold,* for the appellants.

*Francis J. Kuerzi,* for the respondents.

HOOKER, J.:

The plaintiffs, as executors of the last will and testament of August Bossard, deceased, have brought their action demanding a judicial construction of that instrument. The defendants Bossard, Koch and the towns of Mandach, Hottwyl and Zofingen have answered and alleged certain facts which, in their opinion, the court should consider in determining the effect to be given to the will. These defendants moved at Special Term for a commission, which it was proposed should issue to some proper person in the Republic of Switzerland for the purpose of the examination of certain witnesses in that country. The motion was denied, the court of Special Term saying: "Plaintiffs concede residence of defendants as stated in the affidavit and again the action is not yet at issue as to all the defendants. The foreign laws can be established without a commission for that purpose." The defendants named above appeal to this court.

It is sufficient to say, on the subject of the plaintiffs' concession, as to the residence of the appealing defendants Bossard and Koch, that no such stipulation appears in the record. The affidavit of the attorney for the plaintiffs, read in opposition to the motion, states that "as to them plaintiffs will consent that they reside at the respective places indicated by them — viz., Zofingen (Canton of Aargau) and Zurich (Canton of Zurich), Republic of Switzerland — *provided* they admit that they are citizens of said cities, Cantons

and Republic." This is a mere conditional promise, the possibility of whose enforcement on the trial, in the absence of its incorporation in the order or in a stipulation, is so problematical that the court should not have based its decision thereon.

The objection that the action was not at issue as to all of the defendants at the time the motion was made is not sound. Under subdivision 5 of section 888 of the Code of Civil Procedure it is sufficient that the proponent show that an issue of fact has been joined and the testimony is material to him in the prosecution or defense thereof. The record before us shows that issues have been raised by all of the defendants above named, and it cannot be said that the facts in relation to which these defendants wish to take evidence by deposition are not material to these issues and necessary to their trial.

The defendants deem it necessary in the prosecution of their defense to prove certain of the unwritten laws of the Republic of Switzerland and of certain of its cantons. It is quite clear to us that such proof is material to the issues, and may be of vital importance to substantiate the claims which the defendants make in their view of the construction which should be given to the will. The respondents urge, however, that these laws of the foreign states may be proved by introducing in evidence officially printed copies of the foreign statutes, and that the unwritten law may be shown by lawyers in the city of New York who are versed in the law of the Republic of Switzerland and its cantons, and by written decisions of the courts of those states which are to be found in this jurisdiction. (See Code Civ. Proc. § 942.) Our attention is invited to no rule of law which empowers the courts, upon an application of this kind, to limit a party as to the character or quality of the proof he desires to introduce for the purpose of sustaining his side of the issue. It would ill become the courts to require these defendants to content themselves with such evidence as the respondents suggest could be found within the territorial limitations of this jurisdiction, nor should the evidence necessarily be limited to such facts as may be thus proved, particularly as it is probable that a commission issued to that country would result in obtaining evidence of the most recent and controlling rules of law upon the subject which the defendants wish to present upon the trial.

SECOND DEPARTMENT, NOVEMBER TERM, 1903.    [Vol. 87, App. Div.]

The case made out by the record presents a complete compliance with the facts required by sections 887 and 888 of the Code of Civil Procedure to be shown, and is well within the facts upon which *Laidlaw* v. *Stimson* (67 App. Div. 545) was decided. The rule there laid down, we believe, is correct and should be followed here.

The order should be reversed, with costs, and motion granted.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements. Motion granted, with ten dollars costs, to abide the event.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 88 App. Div.— [REP.