BOYES et al. v. BOSSARD et al.

(Supreme Court, Appellate Division, Second Department.  November 13, 1903.)

1. DEPOSITIONS—COMMISSION—AFFIDAVIT.

The averments in an affidavit of plaintiff in opposition to the motion of defendants for the issuance of a commission to a proper person in Switzerland to examine certain witnesses in that country, to the effect that, as to the defendants, plaintiff will consent that they reside at the respective places in Switzerland indicated by them, provided they admit that they are citizens of said places, are not sufficient, in the absence of their incorporation in an order or in a stipulation, to warrant the court in deciding that plaintiff concedes the residence of defendants as stated by them.

2. SAME—JOINDER OF ISSUE OF FACT.

Under Code Civ. Proc. § 888, subd. 5, authorizing the issuance of a commission to examine witnesses where an issue of fact has been joined and the testimony is material, it is sufficient that the applicants for a commission show that an issue of fact has been joined, and that the testimony is material, without showing that the action was at issue as to all of the defendants when the application was made.

3. SAME—PROVING LAWS OF FOREIGN COUNTRY.

It is no answer to an application for the issuance of a commission to enable the applicant to prove certain unwritten laws of a foreign country that the laws of the foreign country may be proved by introducing in evidence officially printed copies of the statutes of the country, and that the unwritten laws may be shown by lawyers residing in New York who

are versed in the law of the foreign country, and by written decisions of the courts of the foreign country found in New York; the applicant not being required to be limited by such evidence.

Appeal from Special Term, Kings County.

Action by Louis F. Boyes and another, as executors of the will of August Bossard, deceased, against Julie Bossard and others, impleaded with others. From an order denying a motion for the issuance of a commission to a proper person in Switzerland for the purpose of the examination of certain witnesses in that country, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Lemuel H. Arnold, for appellants.
Francis J. Kuerzi, for respondents.

HOOKER, J. The plaintiffs, as executors of the last will and testament of August Bossard, deceased, have brought their action, demanding a judicial construction of that instrument. The defendants Bossard, Koch, and the towns of Mandach, Hottwyl, and Zofingen have answered, and alleged certain facts, which, in their opinion, the court should consider in determining the effect to be given to the will. These defendants moved at Special Term for a commission, which it was proposed should issue to some proper person in the republic of Switzerland for the purpose of the examination of certain witnesses in that country. The motion was denied, the court at Special Term saying:

"Plaintiffs concede residence of defendants as stated in the affidavit, and, again, the action is not yet at issue as to all the defendants. The foreign laws can be established without a commission for that purpose."

The defendants named above appeal to this court.

It is sufficient to say, on the subject of the plaintiffs' concession as to the residence of the appealing defendants Bossard and Koch, that no such stipulation appears in the record. The affidavit of the attorney for the plaintiffs, read in opposition to the motion, states that:

"As to them, plaintiffs will consent that they reside at the respective places indicated by them, viz., Zofingen (canton of Aargau) and Zurich (canton of Zurich), republic of Switzerland, provided they admit that they are citizens of said cities, cantons, and republic."

This is a mere conditional promise, the possibility of whose enforcement on the trial, in the absence of its incorporation in the order or in a stipulation, is so problematical that the court should not have based its decision thereon.

The objection that the action was not at issue as to all of the defendants at the time the motion was made is not sound. Under subdivision 5 of section 888 of the Code of Civil Procedure, it is sufficient that the proponent show that an issue of fact has been joined, and the testimony is material to him in the prosecution or defense thereof. The record before us shows that issues have been raised by all of the defendants above named, and it cannot be said that the facts in relation to which these defendants wish to take evidence by deposition are not material to these issues, and necessary to their trial.

The defendants deem it necessary, in the prosecution of their defense, to prove certain of the unwritten laws of the republic of Switzerland, and of certain of its cantons.  It is quite clear to us that such proof is material to the issues, and may be of vital importance to substantiate the claims which the defendants make, in their view of the construction which should be given to the will.  The respondents urge, however, that these laws of the foreign states may be proved by introducing in evidence officially printed copies of the foreign statutes, and that the unwritten law may be shown by lawyers in the city of New York who are versed in the law of the republic of Switzerland and its cantons, and by written decisions of the courts of those states, which are to be found in this jurisdiction.  See section 942, Code Civ. Proc.  Our attention is invited to no rule of law which empowers the courts, upon an application of this kind, to limit a party as to the character or quality of the proof he desires to introduce for the purpose of sustaining his side of the issue.  It would ill become the courts to require these defendants to content themselves with such evidence as the respondents suggest could be found within the territorial limitations of this jurisdiction, nor should the evidence necessarily be limited to such facts as may be thus proved, particularly as it is probable that a commission issued to that country would result in obtaining evidence of the most recent and controlling rules of law upon the subject which the defendants wish to present upon the trial.

The case made out by the record presents a complete compliance with the facts required by sections 887 and 888 of the Code of Civil Procedure to be shown, and is well within the facts upon which Laidlaw v. Stimson, 67 App. Div. 545, 74 N. Y. Supp. 684, was decided. The rule there laid down we believe is correct, and should be followed here.  The order should be reversd, with costs, and motion granted.

Order reversed, with $10 costs and disbursements.  Motion granted, with $10 costs to abide the event.  All concur.