(107 App. Div. 499.)

### VINCENT v. KILMER.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

DEPOSITIONS—APPLICATION FOR ORDER—AFFIDAVIT—SUFFICIENCY—INFORMATION AND BELIEF.

An affidavit in support of a motion requiring a third person to be examined as a witness for a party to a pending action, which averred that the action was for injuries negligently inflicted by defendant, that the third person was a physician and had attended plaintiff professionally, that he was about to leave the state, and that affiant, plaintiff's attorney, was informed as to each of the foregoing facts by the third person, was insufficient on which to base an order for the examination under Code Civ. Proc. § 872, prescribing the contents of the affidavit in support of an application to take a deposition, because the statement that the third person was a physician, that he had attended plaintiff, and that he intended to leave the state, was based solely on what such third person had said.

Chester and Houghton, JJ., dissenting.

Appeal from Special Term.

Action by Thomas W. Vincent against Jonas M. Kilmer. From an order refusing to vacate an order directing a person named to appear before a referee and be examined as a witness for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. B. & L. M. Merchant, for appellant.
F. N. Gilbert, for respondent.

PARKER, P. J. The affidavit, upon which the judge's order of May 29, 1905, requiring Dr. Shellman to be examined as a witness on the part of the plaintiff in this action, was made, by the plaintiff's attorney, claimed the right to such an examination under the provisions of section 872 of the Code, and stated that the action was brought to recover damages for injuries sustained by the plaintiff on February 11, 1904, through the negligent acts of the defendant; that one Arthur P. Shellman, then a resident of Binghamton, in this state, was a physician and surgeon, and that he had attended the plaintiff professionally during the greater part of the time plaintiff had been confined to his bed and house because of his said injuries; that said Shellman was about to leave the city of Binghamton to reside in St. Louis, Mo., and would be absent for more than a year, and would not be able to attend the trial of such action; that, unless he was examined conditionally before his departure, plaintiff would lose the benefit of his testimony. The affidavit further states that the deponent was informed as to each of the foregoing facts by the said Shellman himself, and it also states that the testimony of such Dr. Shellman was material and necessary for the plaintiff to sustain his cause of action against the defendant, and also that without it he could not safely proceed to the trial of the action. It is manifest that the statements that Dr. Shellman was a physician and surgeon, that he had attended the plaintiff, and that he was about to leave the state were sworn to by the deponent on information and belief only. He derived his knowledge from what Shellman told him, and the only information which he conveyed to the judge upon either of such facts was that Shellman told him so. Evidently such declaration on Shellman's part proved nothing to the judge who was asked to issue this order. Mowry v. Sanborn, 65 N. Y. 584.

There was not, therefore, any proof before him that Shellman was a physician and surgeon, or had ever attended the plaintiff as such, or that he really intended to leave the state. It appeared from the affidavit that Shellman was then in Binghamton, and his affidavit could easily have been produced before the judge to show that he had in fact been attending physician of the plaintiff's, and therefore could testify as to his condition and the injuries under which he was suffering, although it is difficult to see how that would disclose any fact necessary to "sustain plaintiff's cause of action against the defendant"; but, if he did have knowledge of any fact that tended to sustain the cause of action, his affidavit to that effect, and not his mere statement to another, was the proper proof of that fact to be used before the judge granting the order. No explanation whatever is made or attempted to be made why Shellman's own affidavit was not produced upon these questions, and therefore the affidavit by plaintiff's attorney was not sufficient to sustain the order. Matter of Bronson, 78 Hun, 351, 29 N. Y. Supp. 112; N. Y. Press Club v. Loyd, 12 Misc. Rep. 210, 34 N. Y. Supp. 24.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur, except CHESTER and HOUGHTON, JJ., who dissent, on the ground that the fair construction of the moving affidavit is that the proposed departure of the witness from the state is the only fact stated on information and belief, and the source of information is given.