(54 Misc. Rep. 271)

### MORIARTA v. RAYMOND.

(Supreme Court, Special Term, Saratoga County.    May 6, 1907.)

DEPOSITION—APPLICATION—AFFIDAVIT—SUFFICIENCY.

On application by plaintiff to take the testimony of the wife of defendant, who was without the state, an affidavit of plaintiff's counsel showing that such testimony was material on information derived from defendant's son is a sufficient compliance with general rules of practice No. 82, requiring that the affidavit shall specify the facts and circumstances which show, in conformity with Code Civ. Proc. § 872, subd. 4, that the examination of the person is material and necessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 50.]

Action by Douglas C. Moriarta against Samuel K. Raymond. Motion for commission to take testimony of wife of defendant. Motion granted.

Edgar T. Brackett (William S. Ostrander, of counsel), for the motion.

Winsor B. French, opposed.

ROCKWOOD, C. J. The plaintiff moves for the issuance of a commission to take the testimony of Mrs. Samuel K. Raymond, the

wife of the defendant, upon affidavits showing that she is not within the state of New York, and cannot be reached by subpœna. The application is opposed upon the claim that the moving affidavits are not sufficient, in that they fail to set forth in detail the facts to which Mrs. Raymond will testify, and also that the affidavit of Frank Raymond should either be attached to the moving papers or its absence accounted for.

Mr. Ostrander, of counsel for the plaintiff, states that he has been informed by Frank Raymond that:

"Said witness, Mrs. Samuel K. Raymond, knew and could testify to certain facts showing the employment by the defendant of the plaintiff for the performance of the services sued for in the year 1903, and that during the times when said services were performed, in 1903 and 1905, said Lucy Raymond resided in and was maintained by the defendant as a member of his family and as his daughter, and that during that time she was performing gratuitously certain services for the defendant and his family such as are usually rendered by a daughter in the family of her father."

This statement is attacked by defendant's counsel upon the ground that it is not a sufficient statement of the facts to which Mrs. Raymond will testify.

Rule 82 of the general rules of practice requires that:

"The affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary."

It is apparent from the moving affidavits that the examination of Mrs. Raymond is material and necessary to the plaintiff's case, and there is, in the opinion of the court, a sufficient specification of the facts to which she will testify for the purposes of the application.

As to the second objection, that the affidavit of Frank Raymond should be produced, it will be observed that the plaintiff does not state where he received his original information that the wife of defendant would testify as stated, but he asserts that such information came to his knowledge shortly prior to the 3d day of April, 1907, and he thereafter communicated this knowledge to his counsel, William S. Ostrander, requesting him to investigate the matter and that subsequently his counsel informed him that he had communicated with one Frank Raymond, a son of defendant, who had furnished to the plaintiff the information set forth in the affidavit. Mr. Ostrander in his affidavit states that he communicated with said Frank Raymond and received from him "further definite information as to the facts to which said witness could testify." It is clear from the affidavits that they are based upon information derived from Frank Raymond, whose affidavit is not attached nor any reason given why it could not be procured. Under these circumstances, the defendant's counsel has cited several cases upon which he relies for a denial of the application. Among these cases are New York Press Club v. Loyd, 12 Misc. Rep. 210, 34 N. Y. Supp. 24; Goodyear India Rubber Glove Mfg. Co. v. Gorham, 83 Hun, 342, 31 N. Y. Supp. 965; Matter of Bronson, 78 Hun, 351, 29 N. Y. Supp. 112; Cook v. New Amsterdam Real Estate Ass'n, 85 Hun, 417, 32 N. Y. Supp. 888; Orne v. Greene, 74 App. Div. 405, 77 N. Y. Supp. 475. These cases will be considered in their order. New York Press Club v. Loyd, supra, was an application for the

examination of a party.   Goodyear Rubber Glove Co. v. Gorham, decided in 1894, was an application on behalf of the plaintiff for leave to discover and inspect certain copy-books of parties to the action.    Matter of Bronson, 78 Hun, 351, 29 N. Y. Supp. 112, was also an application for an order for the examination of a party.   In Cook v. New Amsterdam Real Estate Association, supra, it was .sought to examine the plaintiff before trial.   Orne v. Greene, supra, also involved the examination of a party to the action.   In Laidlaw v. Stimson, 67 App. Div. 545, 74 N. Y. Supp. 684, application was made by the plaintiff for a commission to take the testimony of certain witnesses named upon interrogatories annexed to the commission.   The motion was made on the affidavit of one of the plaintiff's attorneys, and, after reciting the absence of the witnesses desired and their residence without the state of New York, alleged:

"That the sources of deponent's information and the grounds of his belief are interviews and correspondence which he has had with various persons named living in Luzerne county, Pa."

In passing upon this affidavit, the First Department, in an opinion by Judge Ingraham, said:

"We think the affidavit is sufficient to bring the case within sections 887 and 888 of the Code of Civil Procedure.   By section 887 it is provided that 'In a case specified in the next section, where it appears by affidavit, on the application of either party, that the testimony of one or more witnesses not within the state is material to the applicant, a commission may be issued.' That this is a case mentioned in subdivision 5 of section 888 of the Code is clear.   An issue of fact has been joined in this action which was pending in the Supreme Court, and the affidavit shows that the testimony of the witnesses named is material to the applicant in the prosecution of the action. All that is necessary to appear to justify the granting of a motion for a commission is that the action should be one named in section 888, and that the testimony of one or more witnesses not within the state is material to the applicant.   These facts appear from the affidavit upon which the motion is made."

The court then gives its favorable consideration to the case of Einstein v. General Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808, wherein a commission was issued, although no particular witness was named who could testify to any fact which was material, and the plaintiff's attorney who made the affidavit said that he did not know the name of any witness who could testify.   The Laidlaw Case, supra, is followed and approved in Boyes v. Bossard, 87 App. Div. 605, 84 N. Y. Supp. 563.   The court is inclined to the opinion that the reasoning of the Laidlaw Case is the most satisfactory in the disposition of the motion.   The discretion vested in the courts is being constantly more liberally exercised to facilitate the preparation of cases for trial.

In the case at bar it is inferentially deducible that the defendant and his wife are not living in a state of entire harmony.   This should not be permitted to militate against the right of the plaintiff to present his evidence to the court; and it is apparent, both from the affidavits and the argument of counsel, that the presence of Mrs. Raymond as a witness at the trial cannot be procured by subpœna.

Upon the affidavits as presented the motion for the issuance of a commission is granted.

Motion granted.