MICHAEL MORAN, Appellant, v. STEPHEN S. VREELAND, Respondent.

*Inspection of an instrument — an application therefor after the case is on the day calendar is too late.*

A party who desires the inspection of an instrument for the purpose of preparing for trial will not be allowed ordinarily to wait until after the case has been set down for trial and has actually appeared on the day calendar, before making his application for such inspection. If he does so, his application should be denied on the ground of *laches*.

APPEAL by the plaintiff, Michael Moran, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1898, granting the defendant's motion for the discovery and inspection of a letter written by the defendant to the plaintiff.

*Charles De Hart Brower*, for the appellant.

*Louis W. Stotesbury*, for the respondent.

PER CURIAM:

The complaint in this action was served in November, 1895, and the answer was verified the twenty-fourth of March following. The cause appeared upon the clerk's calendar February 4, 1898, and it was then set down for a day certain for trial. On March 14, 1898, it appeared on the day calendar for trial and on that day the defendant applied for and obtained *ex parte* an order to show cause and a stay in the meantime, returnable one week later, why he should not have full discovery and inspection of a letter written by himself to the plaintiff. On the hearing of the order to show cause the court granted his application.

We think that the defendant's motion should have been denied. A party who desires the inspection of an instrument for the purpose of preparing for trial, cannot ordinarily wait until after the cause has been set down for trial and has actually appeared upon the day calendar before making his application. If he does his application should be denied upon the ground of his own *laches*. The trial of a cause which has been at issue nearly two years cannot be delayed

in this way. There is nothing in the moving papers to justify or excuse the defendant for waiting until the day when the trial was to begin before making the application for inspection.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — Van Brunt, P. J., Barrett, Rumsey, Ingraham and McLaughlin, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.