## WOOD v. J. L. MOTT IRON WORKS.

(Supreme Court, Appellate Division, First Department.   June 15, 1906.)

**1. DISCOVERY—STATUTORY PROVISIONS—RIGHT TO EXAMINE OFFICERS OF CORPORATION.**

Where the main question at issue in an action is as to the authority of an employé of the defendant corporation to make a contract on its behalf, an examination of the officers of the corporation is material and necessary to show the authority of the employé.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 51, 63.]

**2. SAME—PRODUCTION OF BOOKS AND PAPERS.**

Where the main question at issue in an action is as to the authority of an employé of a corporation to make a contract on its behalf, an order requiring the officers of the corporation to produce the by-laws and minute books of the board of directors and of the meetings of the stockholders, and all other papers and records, including books showing the actions and regulations of the defendant in regard to the reception and examination of plans and specifications, is not authorized by Code Civ. Proc. § 872, subd. 7, providing that, if the party sought to be examined is a corporation, the affidavit accompanying the application for the examination shall state the names of the officers or directors whose testimony is necessary and material, and the books and papers to be examined, and the order shall direct the production of such books and papers.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 132.]

Appeal from Special Term, New York County.

Action by Charles F. Wood against the J. L. Mott Iron Works. From an order refusing to vacate an order for the examination of certain officers of the defendant corporation, it appeals.   Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John J. Gleason, for appellant.

Perry D. Trafford, for respondent.

INGRAHAM, J.   The order which the defendant sought to have vacated required the president, secretary, and treasurer of the defendant corporation to be examined, and their depositions taken, pursuant to section 873 of the Code of Civil Procedure, and directed them to produce on such examination at the time and place specified certain books of the corporation.

The main question at issue in this action is as to the authority of an employé of the defendant to make a contract on its behalf with the plaintiff.   It is evident that an examination of the officers of the defendant is material and necessary to show the authority of the person who undertook to act for the defendant in making the contract with the plaintiff.   The affidavit submitted complied with section 872 of the Code, and the plaintiff was entitled to the order for the examination of the officers of the defendant.

Subdivision 7 of section 872 of the Code of Civil Procedure provides that, if the party sought to be examined is a corporation, the affidavit "shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books

and papers as to the contents of which an examination or inspection is desired and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers." The order required the officers of the corporation to be examined to produce on such examination the by-laws and minute books of the board of directors and of the meetings of the stockholders of said J. L. Mott Iron Works, and all other papers and records, including record books showing the actions and regulations of the officers of the defendant in regard to the reception and examination of plans and specifications, the making of estimates, and the making of proposals. I can find nothing in the affidavit which justifies this provision. It certainly will not be required on this examination to produce all of those records and books of this corporation to determine the question as to the authority of the particular individual to make a contract on behalf of the defendant. It is not alleged that there is any entry in any of these books which conferred any authority upon the person making the contract to act for the defendant, and to justify such an order there must be some fact alleged in the affidavit which shows that the presence of the books on the examination will be necessary. In this respect I think the affidavit upon which this order was granted was insufficient. The examination is to be before the court, and, if it should appear that the production of any particular book or paper is necessary, the court can adjourn the examination, and order the production of such book or paper at the adjourned session. But, so far as appears from the affidavit upon which the order was granted, there is nothing to justify the provision requiring the corporation to produce upon the examination its general records, books, and documents.

My conclusion therefore is that the order appealed from should be modified by striking out the second clause, which provides for the production of the books and papers of the defendant, and, as modified, affirmed, without costs. All concur.