(54 Misc. 66)

### SIVINS v. MOONEY.

(City Court of New York, Special Term. April, 1907.)

1. DISCOVERY—NECESSITY—COMPLAINT.
    Where plaintiff brought suit for commissions under a contract of employment by which he was to receive 7 per cent. of all sales made by him for defendants, but the complainant failed to allege that he made any sales, or that he was not paid for his services, the complaint did not show the necessity for an inspection of defendants' books in order to enable plaintiff to prepare for trial, as authorized by Code Civ. Proc. § 803, and Gen. Prac. Rules 14 and 15.

2. SAME—LACHES.
    Where plaintiff did not apply for an inspection of defendants' books in order to enable him to prepare for trial until after the cause had been set for trial on the short-cause calendar, and had several times appeared

on the day calendar, and been marked "Ready" and passed, and his delay was not excused, his application was barred by laches.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 124.]

Action by Lincoln Sivins against H. Mooney. On motion for discovery and inspection of books. Denied.

Bogart & Bogart, for plaintiff.
Abraham Oberstein, for defendant.

WADHAMS, J. Motion is made for a discovery and inspection of the books of defendant to enable him to prepare for trial, pursuant to section 803 of the Code of Civil Procedure and rules 14 and 15 of the general rules of practice. The moving papers must show the necessity of such an examination. Bloom v. Patten, 58 N. Y. Super. Ct. 225, 10 N. Y. Supp. 228. In this case the complaint alleges:

"The defendants employed the plaintiff in their business, commencing on the 21st day of September, 1906, for one year, on a commission basis of 7 per cent. for all sales made by the plaintiff for the defendants."

It continues that on or about the 20th of October defendants without cause discharged plaintiff. There is no allegation that plaintiff sold any goods for defendants for which he was entitled to commissions, neither does it allege that he has not been paid for any services rendered. This is not a case where plaintiff alleges that he was entitled to commissions upon all sales of a certain variety of goods or in a certain territory, but his remuneration is alleged to be based upon sales made by him personally. There being no allegation that plaintiff ever made any sales for the defendants, the books of the defendants showing their sales are immaterial. Moreover, the plaintiff is guilty of laches. The cause was set down for trial on the calendar for short causes on December 7, 1906, and has since been on the day calendar a number of times during January, February, and March, and for the last four days has been on the day calendar, and marked "Ready" and passed. In Moran v. Vreeland, 29 App. Div. 243, 51 N. Y. Supp. 434, the Appellate Division of this department, per curiam, said:

"A party who desires the inspection of an instrument for the purpose of preparing for trial cannot ordinarily wait until after the cause has been set down for trial and has actually appeared upon the day calendar before making his application. If he does, his application should be denied upon the ground of his own laches."

There is nothing in the moving papers to explain or excuse the plaintiff's delay in making this application until the cause is upon the day calendar ready for trial.

Motion denied, with $10 costs.