(92 Misc. Rep. 293)

BROADWAY APARTMENT REALTY CO. v. RICKERT FINLAY REALTY CO. et al.

(Supreme Court, Special Term, New York County. November, 1915.)

1. DISCOVERY ⬤=84—INSPECTION OF BOOKS—NECESSITY.

Defendants' steps to secure an inspection of the plaintiff's books, through the medium of the examination of plaintiff's president and secretary after the case was set for trial, was improper, where the necessity for their production was not shown.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. ⬤=84.]

2. DISCOVERY ⬤=97—LACHES.

Where a cause had been on the day calendar of the Special Term since October 22, 1915, and would soon be reached and plaintiff was always ready for trial, and defendants' application for a discovery or inspection of plaintiff's books under Code Civ. Proc. §§ 803–809, returnable November 4th, would delay the trial to plaintiff's inconvenience, the application would be denied on the ground of laches.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 122, 124–131; Dec. Dig. ⬤=97.]

3. DISCOVERY ⬤=84—INSPECTION OF BOOKS—NECESSITY.

Where the plaintiff corporation was willing to give to defendant lists of its officers and directors and of the directors attending any specified meeting, so far as it appeared on its minutes thereof, and where the parties had agreed that the plaintiff's minute book and such other books as defendant might call for would be produced at the trial, there was no necessity of ordering a discovery and inspection thereof.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. ⬤=84.]

---

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Broadway Apartment Realty Company against the Rickert Finlay Realty Company and the Broadway Flushing Development Company. On motion by the defendant Broadway Flushing Development Company under Code Civ. Proc. §§ 803–809, for a discovery and inspection of the minute book or books of the plaintiff corporation. Denied.

See, also, 155 N. Y. Supp. 1096.

Blackwell Bros., of New York City, for the motion.

Fowler & Lesser, of New York City (Joseph M. Lesser, of New York City, of counsel), opposed.

GIEGERICH, J. [1] An insuperable objection to the granting of this application for a discovery and inspection of the plaintiff's minute book or books, and one that cannot be remedied by an amended petition or additional affidavits, is the inexcusable laches of the defendant in making the application. The defendant did not take any steps to secure an inspection of the books until after the case had been set down for trial, and then only through the medium of the examination of the plaintiff through its president and secretary before trial, which was held to be an improper method because the necessity for the production of the books was not shown. Wood v. Mott Iron Works, 114 App. Div. 108, 99 N. Y. Supp. 677.

[2] The case has been on the day calendar of Special Term, Part III, since October 22, 1915, and the plaintiff has all along been ready and still is ready to try the case. The defendant did not apply for a discovery or inspection of books until November 1st, when an order to show cause, returnable on November 4th, was granted. If not already reached for trial, the case soon will be, and, if permitted, an inspection would result in a delay of the trial, which, it is claimed by plaintiff's counsel, will greatly inconvenience the plaintiff and be a hardship to it. In Moran v. Vreeland, 29 App. Div. 243, 51 N. Y. Supp. 434, the court said:

"A party who desires the inspection of an instrument for the purpose of preparing for trial cannot ordinarily wait until after the cause has been set down for trial, and has actually appeared upon the day calendar, before making his application. If he does, his application should be denied upon the ground of his own laches."

See, also, to the same effect, Mutual Reserve Fund Ass'n v. Patterson, 33 Misc. Rep. 572, 575, 68 N. Y. Supp. 885, affirmed 58 App. Div. 625, 69 N. Y. Supp. 1140. Applying the rule so laid down in these cases to the present case, the motion should also be denied for laches.

[3] Apart from all this, it is stated in the opposing affidavit, without contradiction by the defendant, that the plaintiff is willing to give to the defendant a list of its officers and directors, and a list of the directors who attended any particular meeting which the defendant may specify, so far as the same appears on the minutes of the plaintiff corporation in connection with said meeting, and that the plaintiff and defendant have already entered into an agreement in connection with the trial of this action whereby the plaintiff has agreed to produce on

the trial the minute book and all other books of the plaintiff corporation that the defendant corporation may call for. In view of this I fail to see the necessity of ordering a discovery of the plaintiff's books even had the defendant otherwise shown itself to be entitled thereto.

The motion should be denied, with $10 costs. Order signed.